ANGELL *v.* CORTRIGHT.

|  |  |
|---|---|
| 111 | 223 |
| 139 | 161 |

1. DRAINS—APPLICATION FOR CLEANING—SUFFICIENCY.

An application for the cleaning out of a drain, which recites that the petitioners are freeholders *in* the township in which it is situated, and that five of them (giving their names) are owners of lands that were assessed for benefits in the construction of the drain, and are liable to be assessed for benefits in cleaning it, and that the drain needs cleaning, is sufficient, under Act No. 203, Pub. Acts 1893, chap. 8, § 1, providing that any five freeholders *of* the township in which a drain is situated, one or more of whom are owners of land liable to an assessment for benefits in the cleaning out of the drain, may make application therefor.

2. SAME—VALIDITY OF ASSESSMENTS.

The fact that contractors to clean out a public drain, in accordance with a diagram of the drain as originally constructed, made the drain wider than it originally was, does not invalidate the assessments therefor.

Error to Clinton; Davis, J., presiding.  Submitted November 10, 1896.  Decided December 18, 1896.

*Assumpsit* by Oliver S. Angell against James Cortright, treasurer of Dewitt township, to recover taxes paid under protest.  From a judgment for defendant on verdict directed by the court, plaintiff brings error.  Affirmed.

*Fedewa & Walbridge,* for appellant.

*Spaulding & Norton,* for appellee.

LONG, C. J.   The plaintiff, and John Wieland and Egbert Hurd, his assignors, were assessed $130 for cleaning out and widening what is known as the "Gunderman Lake and Prairie Creek Drain," in Dewitt, Clinton county, for the year 1895.   On the 2d day of March the parties paid such taxes to the defendant township treasurer under protest.   These protests were signed by the parties, and it appears that prior to the payment of the taxes the defendant had seized and taken into his possession some personal property belonging to John Wieland, for the purpose of satisfying the payment of the tax, and also threatened to take some of the personal property of Egbert Hurd for the payment of his said taxes; and that prior to the commencement of suit these parties assigned their claims to the plaintiff.   On the trial it was contended by the plaintiff:

1. That the application for cleaning out the drain was illegal, in that it did not recite that the application was made to the commissioner by whom the drain was constructed, or to his successor in office, and in that it did not set forth that five applicants are freeholders of the township in which said drain is situated.

2. That the drain was widened beyond its original width.

3. That the contracts for doing the work were let for a drain 1½ feet slope to one foot rise, and paid for on that basis, while in fact the work was actually performed on the basis of one foot slope to one foot rise.

4. That there was a fraudulent arrangement between the commissioner and the contractors, by which the taxpayers were defrauded of large sums of money.

On the trial the court directed a verdict in favor of the defendant.

The statute under which the petition was made is section 1, chap. 8, Act No. 203, Pub. Acts 1893, and provides:

"Whenever a drain, or any portion thereof, needs cleaning out, straightening, deepening, widening, or extending, any five freeholders of the township or townships in which such drain is situated, one or more of whom shall be owners of land liable to an assessment for benefits in the cleaning out, deepening, widening, straightening, or extending, as the case may be, may make application in writing to the commissioner by whom it was constructed, or to his successor in office, setting forth its necessity," etc.

The application for the cleaning out of this drain is signed by nine persons, and recites that five of them—giving their names—are owners of lands that were assessed for benefits in the construction of the drain, and are now owners of land liable to be assessed for benefits in the cleaning out of the drain; and that the drain needs cleaning out to its full capacity its entire length. Counsel for plaintiff contend that the case of *Tinsman* v. *Probate Judge*, 82 Mich. 562, settles the rule that the application was insufficient. In that case the petition did not show that one or more of the petitioners were assessed for the construction of the two drains which they asked to have widened and deepened, and it was held that the statute required this, and that such requirement was jurisdictional. That proceeding was had under Act No. 233, Pub. Acts 1889. As has been seen, the petition in the present case shows that five petitioners were assessed for benefits for the original construction, and that they then held land liable to be assessed for the improvement.

We think there is no showing that the drain was widened beyond its original width. The contracts under which the cleaning out was done appear to have been destroyed after all the work had been completed; but it was shown that the contracts referred to a diagram made of the ditch before the letting of the contracts, and after the surveys had been made, and that a certain portion was to be of the dimensions of one foot slope to one foot rise, and another portion, $1\frac{1}{2}$ feet slope to one foot rise, and there

111 MICH.—15.

is no showing but that these were the dimensions of the original ditch. There is no evidence that the contracts were let upon any different basis than that shown in the diagram, and whatever the contractors may have done in the construction of the drain in making it wider can in no manner affect the plaintiff's rights, as the contracts were let simply for the cleaning of the old ditch, and in accordance with the diagram.

There is not a particle of evidence in the record that there was collusion between the commissioner and the contractors by which the taxpayers of the township were defrauded.

The judgment below is affirmed.

The other Justices concurred.