PARKER *v.* BARKENOWITZ.

FRAUDULENT CONVEYANCES—HUSBAND AND WIFE—SECRET TRUST —VALID CONSIDERATION.

A husband's parol agreement that lands purchased in his name shall eventually be exchanged for a homestead, which shall be taken in the name of his wife, does not operate to discharge a debt that he is owing her, so as to prevent him from thereafter conveying such lands to her in payment of the debt as against other creditors, who set up the invalidity of the secret trust.

Appeal from Wayne; Donovan, J.   Submitted January 5, 1898.   Decided March 1, 1898.

Bill by Thomas A. Parker against Oscar Barkenowitz and wife, in aid of execution.   From the decree rendered, complainant appeals.   Affirmed.

*Edward McNamara*, for complainant.

*John A. Matthews*, for defendants.

MONTGOMERY, J.   Complainant, as a judgment creditor of Oscar Barkenowitz, caused a levy to be made on three lots in the city of Detroit, which had been on the 16th of December, 1896, conveyed by defendant Oscar to his wife, the co-defendant, Susie.   The bill in this case was filed in aid of execution.   One of these lots, viz., lot

60 of the Pulford subdivision, was purchased in the name of the defendant Oscar on the 16th day of July, 1887. The other two lots, being 300 and 301 of the Harrah subdivision, were purchased, and a deed executed to the defendant Oscar, in 1892. The circuit judge held that the lot in the Pulford subdivision should be subjected to complainant's execution, and sustained the bill to this extent, but sustained the title of the defendant Susie to the Harrah lots. Complainant appeals. Defendants do not appeal.

The rights of the parties as to the Pulford addition lot are not open on this record, and the transactions relating to this lot need not be considered, except as they may bear on the rights of the parties in the two remaining lots. The evidence shows that before the marriage of the defendants, in 1884, defendant Oscar had been in business, and was indebted in some small amounts; that after his marriage, in 1885, his wife engaged in the confectionery business at Chatham, Ontario, under the following circumstances: Both, it seems, were skilled in the business. Neither had any capital. A friend made a loan to Mrs. Barkenowitz, with which a business was opened in her name, she devoting her time to the work, defendant Oscar assisting her. Both testify that the business was done in her name, the bank account kept in her name, and the husband paid six dollars a week for his services. In 1888 the business was sold out, and about $1,100 realized. The parties then removed to Detroit, and the husband engaged in business for himself. In the meantime the lot in the Pulford addition had been purchased and the title taken in the name of the defendant Oscar, apparently with the consent of his wife. The agreement as to this was that lots should be purchased, and, when sufficient in value should be acquired, they should be exchanged for a homestead, which should be taken in the name of Mrs. Barkenowitz. The circuit judge was of the opinion that as to this lot the transaction amounted to a secret trust, which established no equity in Mrs. Barkenowitz superior to or equal to the

creditors; and on the authority of *Township of Maple Valley* v. *Foley*, 113 Mich. 622, and *Iseminger* v. *Criswell*, 98 Iowa, 382, held complainant's equities superior to those of defendant Susie as to this lot. Complainant's counsel contends that the same consideration should rule the case in complainant's favor as to the Harrah lots.

It appears, however, by the undisputed testimony, that the business at Chatham was conducted in the name of Mrs. Barkenowitz; that the bank account was kept in her name; and that, when the business was closed, the avails were paid to her, and by her loaned to her husband. There can be little doubt on this record that both defendants, up to the time of the sale, understood that the avails of the Chatham business belonged to Mrs. Barkenowitz. It does not appear that his prior creditors attempted to reach the property, and it is clear that subsequent creditors could not have done so. *Hedstrom* v. *Kingsbury*, 40 Mich. 636. Defendant Oscar, when he commenced business in Detroit, became indebted to his wife for the amount of the proceeds of the Chatham property. There is no evidence that it was a gift. On the contrary, both testify that it was a loan. These facts distinguish the case from *Iseminger* v. *Criswell*, relied upon by complainant's counsel. Assuming the existence of this indebtedness, does the fact that the two Harrah lots were bought in the name of Oscar, with the purpose of turning them into a homestead to be taken in the name of his wife, discharge the debt? It is true the attempt to create a trust was ineffectual, but, this being so, it would be a severe penalty to treat the transaction as a discharge of the debt.

The decree will be affirmed, with costs of this court to defendants.

The other Justices concurred.