THOMAS v. WALKER TOWNSHIP BOARD.

1. DRAINS — ASSESSMENT FOR BENEFITS — APPEAL TO TOWNSHIP BOARD.

The duty of the township board, under chapter 5 of the drain law of 1885 (3 How. Stat. § 1740e2 *et seq.*), upon the appeal of a landowner assessed for benefits, is confined to the correction of any error or inequality in the assessment made by the commissioner upon the lands benefited; it having no authority to pass upon the validity of the drain proceedings, or to review the action of the commissioner in fixing the percentage of the cost to be borne by the township at large.

2. SAME—PARTIES.

Therefore, where a drain is established by the joint action of the commissioners of two counties, and the owner of lands assessed for benefits appeals to the township board of the township in which his lands so assessed are situated, the

drain commissioner of the other county is not a necessary
party to the appeal.

3. SAME—ASSESSMENT DISTRICT—REVIEW.

The authority of the township board to correct any "error
or inequality" in the assessment does not extend to the chang-
ing of the boundaries of the assessment district by excluding
lands which the commissioner has determined to be benefited
by the drain.

4. SAME—REVERSAL IN SUPREME COURT—PROCEDURE.

Where a township board, upon the appeal of a landowner
assessed for drain benefits, attempted, in excess of its author-
ity, to exclude certain of the lands as not assessable, and
failed otherwise to pass upon the errors and inequalities
alleged, it was directed by the Supreme Court, upon the re-
versal of a judgment of the circuit court sustaining its action,
to reconvene and review the assessment in accordance with
the statute.

Error to Kent; Grove, J. Submitted January 26,
1898. Decided April 19, 1898.

. *Certiorari* by John M. Thomas, drain commissioner of
Kent county, to review the decision of the township board
of the township of Walker upon an appeal from an assess-
ment for drain benefits as made by the commissioner.
From a judgment sustaining the action of the board,
petitioner brings error. Reversed.

Application was made to the county drain commissioner
of Ottawa county in 1896 to construct a drain commenc-
ing and ending entirely in Ottawa county. That com-
missioner, finding that the said drain affected lands lying
in Kent as well as in Ottawa county, called a meeting of
the two commissioners of the counties. The meeting was
held, survey made, and the drain ordered. A special
drain assessment district was established, and the cost of
the improvement was computed, and apportioned between
the two counties. Sixty per cent. was apportioned to
Ottawa county, and 40 per cent. to Kent county. The

drain commissioner of Kent thereafter apportioned to the
township of Walker at large one-half of the 40 per
cent., and the remaining half to lands liable to be assessed
for benefits by reason of the improvement.    The commis-
sioner thereupon made out a special assessment roll, con-
taining a description of the lands to be assessed, with the
required certificates.    An appeal was taken from these
proceedings to the township board of the township of
Walker.    The board met and made the following report:

"This is to certify that, pursuant to notice duly given,
we, the undersigned, constituting the township board of
the township of Walker, in said county, for the purposes
hereof, did on the 12th day of October, A. D. 1896, meet
at the residence of E. P. Tucker, in said township, to con-
sider the matter of appeal taken by [the parties, naming
them] from the assessment and apportionment of the per
cent. of benefits assessed for the construction of a certain
drain in the township of Tallmadge, Ottawa county, known
and designated as the Friar and Kimble drain, as made by
J. M. Thomas, the county drain commissioner of said
county of Kent; that, at the time and place aforesaid, we
proceeded to view the grounds, and to review the said
assessment and apportionment made by the said drain
commissioner, and to hear the proofs and allegations of all
parties in respect to the matter of said appeal; that, in
our judgment, there is manifest error and inequality in
said apportionment, owing to the fact that the natural flow
of water is in an opposite direction in the case of the lands
described and marked 'Not assessable' in the annexed
schedule, and we hereby order such lands to be stricken
from the special assessment roll.    As to the balance of the
lands described in said annexed schedule and in said
special assessment, as well as the township at large, we
find that, while the natural flow of water is towards said
described drain, the said lands are all high and naturally
well drained, and are in no wise benefited by the construc-
tion of said drain, and are not legally assessable therefor;
and we hereby protest against the assessment of such lands
or of the township at large for the purpose of said con-
struction."

Here are inserted the descriptions marked "Not assess-
able."

"The above-described lands that are not assessable the natural flow of water is in an opposite direction, while those that are assessable appear to incline in the direction of said drain."

This action of the board was removed to the circuit court of the county of Kent upon a writ of *certiorari*, and was sustained. It is brought to this court upon a writ of error.

*W. D. Fuller*, for appellant.

*Wolcott & Ward*, for appellee.

GRANT, C. J. (*after stating the facts*). We find only one case in this court involving the power and jurisdiction of the township board upon appeals from the action of the commissioner under the statute of 1885. *Gillett* v. *McLaughlin*, 69 Mich. 547. It was there held that the board had no power to change the per cent. of the drain assessment to be borne by the township after the commissioner had fixed it. The law governing these assessments, and providing for appeals therefrom, is found in chapter 5 of the drain law. 3 How. Stat. § 1740e2 *et seq.* Section 1 authorizes the commissioner to apportion the per cent. of the cost of construction of a drain to any township traversed thereby, by reason of the benefit to the public health, convenience, or welfare, or as a means of improving any highway. He must assess the cost of such drain, over and above the per cent. assessed against such township, to lands benefited thereby.

"Such assessment of per cent. for benefits shall thereupon be subject to review and correction, and may be appealed from in the manner hereinafter provided: *Provided*, that * * * when the lands to be assessed therefor are situated in more than one township, the commissioner shall first determine and apportion, among such several townships, the per cent. * * * which each township and the lands therein situated is to bear. From this determination there shall be no appeal."

Section 2 provides that the owner of any lands assessed

a per cent. for benefits may appeal to the township board of the township in which his lands so assessed are situated. Section 3 provides for the notice to be given of the meeting of the board, and that "at such hearing the board shall have the right to review all assessments." It then provides that the proceedings in establishing any drain shall be subject to review upon *certiorari*, notice of which shall be served on the commissioner within 10 days after his determination in establishing the drain, and that—

"If no *certiorari* be brought within the time herein prescribed, the drain shall be deemed to have been legally established, and its legality shall not thereafter ·be questioned in any suit at law or equity."

Section 5 provides that the board shall proceed—

"To view the grounds, and to review the assessments made by the commissioner, and to hear the proofs and allegations of all parties in respect to the matter of such appeals, and if, in their judgment, there be manifest error or inequality in such assessments, they may order such changes to be made as they may deem just and equitable."

1. It is clear from these provisions that the township board is not clothed with authority to determine the validity of the proceedings taken by the commissioner of Kent county, or the joint action of the commissioners of the two counties, or to change the per cent. assessed upon the township at large. Its power is confined exclusively to the correction of any "error or inequality" in the assessment made by the commissioner upon lands benefited. Any person or township desiring to contest the validity of the action of the commissioner, or of the two commissioners, in laying out and establishing the drain, must resort to the courts, and not to the township board. It follows that the commissioner of Ottawa county was not a necessary party.

2. There is no difficulty in determining what is meant by the term "inequality." The township board may de-

termine that the benefits assessed upon some lands are too high, and upon others too low, and may exercise their judgment to equalize the assessment. A question of some difficulty arises as to what is included within the term "error." The commissioner might make an error in the amount, so that the total assessments would be more or less than the total amount apportioned to the lands. This would be error which the board could correct. But does the statute contemplate that the board may change the assessment district as fixed by the commissioner, and exclude any lands which, in its judgment, are not benefited? Does the term "error" mean that the commissioner erred in his judgment as to the lands which are and those which are not benefited? The logical result of this holding would be that the board might determine that none of the lands were benefited, and thus defeat the construction of the drain. In this case the assessment district contained about 712 acres, as fixed by the commissioner. Of this about two-thirds was directly held by the board to be nonassessable, and though the board seems, in the closing sentence of the report, to hold that the others are assessable, it said in a previous part of the report that they were not legally assessable. The members of the board seemed to recognize that they had no power to set aside the assessment upon the township at large, and contented themselves with a protest against it. The board is evidently not clothed with power to enlarge the assessment district. It is only by implication that it can be held to possess the power to restrict the district. It is clearly not clothed with power to wipe the district out entirely, and thus defeat the action of the commissioner. If the drain be legally established,—and, so far as this case is concerned, it must be so held,—the result would be the total failure to raise 20 per cent. of the cost. We are therefore of the opinion that the board had no power to change the boundaries of this district, and to exclude lands which the commissioner had determined were benefited. It may correct the inequalities, and

place as little upon such lands as it chooses. In this respect its power is supreme, and from its action there is no appeal.

Those who appeal to this board are entitled to have the board pass upon such errors or inequalities. This it has not done, and it would be manifestly unjust to have the assessment made by the commissioner stand, and thus deprive the appellant of the benefit of his appeal. It follows that the judgment must be reversed, and the township board directed to meet and review the assessments in accordance with this opinion.

The other Justices concurred.