TOWNSHIP OF WALKER *v.* THOMAS.

DRAINS—ASSESSMENT FOR BENEFITS—BILL TO ENJOIN—LACHES.
   After the expense of constructing a drain has been incurred,
   and orders have been issued for the work, it is too late for
   one who has had knowledge of all the proceedings to appeal
   to equity to restrain the assessment and collection of a tax
   therefor against his lands, upon the ground that they were
   not benefited by the improvement.

Appeal from Kent; Grove, J. Submitted January 11,
1900. Decided March 13, 1900.

Bill by the township of Walker, Charles W. Wilde, and
others against John M. Thomas, drain commissioner of
Kent county, and William Whipple, drain commissioner
of Ottawa county, to restrain the assessment and collection
of a drain tax. From a decree dismissing the bill, com-
plainants appeal. Affirmed.

*Wolcott & Ward*, for complainants.
*W. D. Fuller*, for defendants.

PER CURIAM. The bill in this case was filed to restrain
the assessment and collection of a drain tax. It is claimed
that the assessment of the tax was inequitable and unjust,
for the reason that it was spread upon lands which had
natural drainage in the opposite direction, or which were
high lands, and that the township was not benefited, as
the public health did not require that this improvement be
made. It is claimed that the assessment was made to in-
clude the lands of the complainants through a mistake of
fact on the part of the drain commissioner. Some of the
complainants appeared and objected to the assessment on
the day of letting the contract, under section 1740*d*8, 3
How. Stat. The highway commissioner did not appear.

Complainants appealed to the township board, the action of which board was reviewed in this court in *Thomas* v. *Walker Township Board*, 116 Mich. 597 (74 N. W. 1048). No appeal was made to equity until the expense of constructing the drain had been incurred and orders issued for the work. It is unnecessary to determine whether the action of the commissioner is reviewable in equity in any case where there is jurisdiction, as we think the complainants are not entitled to invoke equity jurisdiction in a case like the present. *Smith* v. *Carlow*, 114 Mich. 67 (72 N. W. 22); *Lundbom* v. *City of Manistee*, 93 Mich. 170 (53 N. W. 161).

The decree will be affirmed, with costs.