AUDITOR GENERAL *v.* MELZE.

SAME *v.* SCULLY.

1. DRAINS—TAXATION—ESTOPPEL.
   One whose land is assessed for benefits in the construction of a drain, who, with full knowledge of the proceedings, takes none of the statutory steps to determine their validity, cannot afterwards set up defects therein to defeat an application by the auditor general for the sale of the land for nonpayment of the tax.

2. SAME—COST OF CONSTRUCTION—CONSTITUTIONAL LAW.
   The provision of section 1, chap. 6, of the drain law ( 2 Comp. Laws 1897, § 4354 ), authorizing 10 per cent. of the estimated cost of a drain to be added thereto for contingent expenses, is not unconstitutional.

Appeals from Saginaw; Snow, J.    Submitted April 11, 1900.    Decided May 18, 1900.

Petition by Roscoe D. Dix, auditor general, for the sale of lands delinquent for taxes: On objections filed by Augustus C. Melze and others, and William Scully and others.    From a decree for petitioner, defendants appeal. Affirmed.

These are appeals from the decree of the circuit court for the county of Saginaw, in chancery, holding the lands of appellants liable for certain drain taxes, and ordering the lands sold for nonpayment of the taxes, dated April 15, 1899.    The total cost of each drain was about $7,000. All the taxes have been paid except those of the appellants, amounting to $584.29.    The two cases are heard as one, the most of the objections being common to both.

These two drains are known, one as the "Weeks," and the other as the "Fleming," drain.    The Weeks drain was situated in two townships of Saginaw county and

in one township of Gratiot county. The Fleming drain is situated wholly in Saginaw county. The original application for the Weeks drain was made June 27, 1892, and that for the Fleming drain November 2, 1892. The various proceedings continued up to August 11, 1896, when contracts for the construction of the drains were let. The drain special assessment roll was made August 22, 1896. The drains were adjudged to be a public necessity, and no claim is made that appellants' lands are not benefited. Some of the appellants did work upon the drains. The objections, save one, relate entirely to alleged defects in the proceedings. The claim most strenuously and ably urged is that the drain law is unconstitutional, and that these proceedings are void, because 10 per cent. of the estimated cost was added to cover contingent expenses. Section 4354, 2 Comp. Laws 1897. The land of only one of appellants is crossed by the drains, and his grantor had released the right of way.

*F. L. Eaton*, Prosecuting Attorney, for petitioner.

*Frederick W. Newton*, for defendants.

GRANT, J. (*after stating the facts*). We deem it unnecessary to state more fully the proceedings taken and the objections thereto. The appellants stood by; saw these proceedings taken; do not claim to be damaged; their assessments are small; and they took none of the statutory steps to contest the legality of the drains. They are now about completed. Under the repeated decisions of this court, we think they are not now in position to raise the questions. The drain law provides methods for the speedy determination of all questions involving the validity of the proceedings. The evident intent and purpose of this is to have the validity determined before large expense is incurred and the drains constructed. The following decisions are conclusive against the appellants: *Atwell* v. *Barnes*, 109 Mich. 10 (66 N. W. 583); *Moore* v. *McIntyre*, 110 Mich. 237 (68 N. W. 130); *Smith* v. *Carlow*, 114 Mich. 67 (72 N. W. 22).

The constitutionality of this act has been attacked before, but perhaps not on the specific ground now alleged against it. A similar provision is found in the general tax law. We see no constitutional objection to adding an amount to cover contingent expenses.

The decree is affirmed, with costs.

The other Justices concurred.