WILSON v. WOOLMAN.

DRAINS—CONSTRUCTION—VALIDITY OF PROCEEDINGS—ASSESSMENT —INJUNCTION—ESTOPPEL.
  A landowner who, knowing that a drain is being constructed, for which he is liable to assessment, takes none of the statutory steps to determine the validity of the proceedings, cannot thereafter maintain a bill to restrain the collection of the tax on the ground that the proceedings are invalid.

Appeal from Sanilac; Beach, J. Submitted April 9, 1903. (Docket No. 20.) Decided May 29, 1903.

Bill by Charles Wilson against Hugh Woolman, drain commissioner of Sanilac county, and John Baird, treasurer of Marion township, to restrain the collection of a drain tax. From a decree dismissing the bill, complainant appeals. Affirmed.

Counsel for the defendants in their brief give a succinct statement of facts, which we adopt.

In 1892, the Indian Creek drain was established and constructed in the township of Marion, Sanilac county, following Indian Creek, a natural water-course. This drain runs through complainant's lands described in the bill. It was established and constructed before complainant owned said lands. In many places this drain became filled up with sediment and refuse, and in June, 1900, the defendant Hugh Woolman, county drain commissioner, received an application to clean out and extend said drain down stream from its outlet about 100 rods. Acting in pursuance of said application, the drain commissioner caused a survey of said drain and the proposed extension thereof to be made, and thereafter ordered said Indian Creek drain to be cleaned out and extended from its outlet down stream 26.60 chains. He then procured releases of the right of way for said drain through all lands through which said extension would pass. In making the survey stakes were set 8 rods apart up stream, commencing with stake 0 at the outlet of the extension. Stake 13 of the new survey was placed 2 rods and 8 feet above stake 0 of the original drain, and the survey stakes on up stream held the same relative positions. In taking the levels along the old drain, the surveyor set the grade stakes on top of the earth excavated from the original drain. The surveyor made a new profile, showing the dimensions of the extension and the cleaning out throughout the whole length of said drain. In taking the levels for cleaning out said drain, the surveyor did not attempt to follow the dimensions of the old proceeding, except the width of bottom.

After procuring releases of all the right of way on the extension, the drain commissioner fixed the 25th day of September, 1900, as a day for letting of contracts, and served a notice of said letting of contracts upon complainant personally. Complainant attended at the letting of contracts, but was late in arriving there. Complainant was living on the lands described in his bill of complaint, and saw the men digging across his place at different times during perhaps a month or six weeks in the fall of 1900,

and made no complaint against the proceedings until he was asked to pay the tax by the defendant John Baird, township treasurer. Complainant filed this bill on the 26th day of February, 1901, to restrain the collection of the tax. All drain taxes assessed for the construction of this drain were paid to the township treasurer except complainant's. Proofs were taken in open court, and the bill dismissed.

*E. C. Babcock,* for complainant.

*Fred A. Farr,* Prosecuting Attorney, and *W. H. Burgess,* for defendants.

GRANT, J. *(after stating the facts).* It is unnecessary to discuss the defects upon which complainant relies to defeat the payment of his taxes. The decree is right for two reasons: (1) Because the complainant knew of the proceedings as they were going on, and took none of the steps provided by statute for a speedy determination of the question of their validity. *Auditor General* v. *Melze,* 124 Mich. 285 (82 N. W. 886). (2) Complainant cannot be heard in a court of equity after the drain has been completed. He cannot stand by, see the work go on to completion, and then file a bill in equity to test the validity of the proceedings. *Township of Walker* v. *Thomas,* 123 Mich. 290 (82 N. W. 48).

The decree is affirmed, with costs.

The other Justices concurred.