137    565
139    161
137    565
|e147  ⁵118
137    565
157    ²306

## MURPHY v. DOBBEN.

1. DRAINS—ASSESSMENT DISTRICT—BOARD OF REVIEW.

   A board of review, appointed by the judge of probate on appeal from the apportionment of the drain commissioner, has power to add lands to the assessment district laid out by the commissioner.

2. SAME—BOARD OF REVIEW—NOTICE TO LANDOWNERS

   Where persons, whose lands were added to the assessment district by a board of review, are not objecting, the action of the commissioner in disregarding the board's apportionment and making the assessment according to his own, will not be sustained on the theory that no notice was given such persons, where the record shows an adjournment for the purpose of giving notice, though no notice is shown.

3. STATUTES—APPROVAL OF GOVERNOR.

   The fact that the words in the provision of Act No. 272, Pub. Acts 1899, chap. 5, § 5, authorizing the board of review to add lands to an assessment district for the construction of a ditch, are in brackets, is immaterial; they having been in the act as signed by the governor.

4. DRAINS—BOARD OF REVIEW—REPORT.

   That the board of review, appointed by the judge of probate and required to make such changes in the assessment of the drain commissioner for construction of a ditch as they deem just and equitable, merely orders certain changes in the assessment of certain lands, without referring in their report to the lands, the assessment on which is not changed, is immaterial.

5. SAME—SUIT TO SET ASIDE TAX—PARTIES.

   Where plaintiff, in an action against the township treasurer to recover drain taxes paid under protest, joined the drain commissioner as required by section 1 of Act No. 141, Pub. Acts 1899, and afterwards discontinued as to the commissioner at the treasurer's request, the treasurer waives compliance with the statute.

6. SAME—SUIT TO RECOVER TAX—ESTOPPEL.

   The rule in equity that one who stands by and sees an improvement completed without protest will not be relieved of his

share of the burdens, does not apply in an action at law to recover a tax erroneously spread, and paid under protest.

Error to Newaygo; Palmer, J. Submitted May 17, 1904. (Docket No. 102.) Decided September 14, 1904.

Assumpsit by James Murphy against Gerrit Dobben, treasurer of Garfield township, for taxes paid under protest. There was judgment for defendant, and plaintiff brings error. Reversed.

*Martin Rozema*, for appellant.

*George Luton*, for appellee.

HOOKER, J. This action is assumpsit. It was begun in justice's court against a township treasurer and county drain-commissioner to recover certain drain taxes, paid under protest, by the plaintiff and 15 others, who afterwards assigned their claims to him.

It is admitted that the drain proceedings were regular up to the commissioner's apportionment of benefits. The Butler drain—i. e., the one in question—was laid out and constructed by proceedings instituted in the spring of 1902. The assessment district included 82 parcels of land. One of the interested parties, viz., C. W. Stone, appealed from the drain commissioner's apportionment, and the probate court appointed a board of review. In due time this board filed its report. This report states:

" That at the time and place aforesaid we proceeded to view the grounds and to review the said assessments and apportionments made by said county drain commissioner, and to hear the proofs and allegations of all parties in respect to the matter of said appeal. That in our judgment there is a manifest error and inequality in said assessment and apportionment, and we hereby order the following changes to be made, deeming such changes to be just and equitable, to wit: (Here follow 60 of the descriptions contained in the assessment roll of the drain commissioner in which reductions were made, and 16 descriptions on which the assessments were increased.) That the following

described land, it is determined by said board, on personal examination, should be, and the same are, added to said assessing district, to be assessed at the following per cent., to wit: The S. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of Sec. 24, T. 12 N., R. 14 W., at 2 per cent. The N. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$, Sec. 24, T. 12 N., R. 14 W., at 1$\frac{1}{2}$ per cent. That said board thereupon adjourned said meeting to meet on the 25th day of July, 1902, at 10 o'clock in the forenoon, at the office of Martin Rozema, in the village of Fremont, in said county, in order that notice might be given to the owners of the land so added to said assessing district, as provided by law."

The assessments of the plaintiff and his assignors were diminished by this report.

It does not appear in the case that proof that notice was served upon those whose land was added to the district was returned to the drain commissioner, or that he ever asked for it. On or before September 24, 1902, he filed with the township clerks special assessment rolls, in which the lands were assessed according to his original apportionment, and not in accordance with the report of the board of review. The clerks reported the same to the board of supervisors, who, in the absence of opposition, ordered the drain taxes to be spread in accordance therewith. It appears that the drain cost $1,324, that all was collected and the work completed before the commencement of this suit, and that the plaintiff and his assignors knew that the drain was in process of construction immediately after July 25, 1902. The amount claimed by the plaintiff for himself and his 15 assignors was $136.16.

Upon the trial of the cause in justice's court, at the request, and with the consent, of the defendants, the plaintiff voluntarily discontinued the case against the drain commissioner, and judgment was rendered against the remaining defendant, the township treasurer, to whom the tax had been paid. An appeal to the circuit court was taken by him, when the cause was tried by the court.

The conclusions of law were:

" (1) That the plaintiff is not entitled to recover any

·sum whatever from Gerrit Dobben, treasurer of the township of Garfield.

"(2) That Alexander Burrell, drain commissioner, should have been a party to this suit.

"(3) That the defendant is entitled to a judgment of no cause of action, with costs to be taxed against the plaintiff."

The plaintiff brings error.

The order of the board of review was within its powers, and its proceedings were apparently regular, unless it be in relation to the matter of notice to the persons whose lands were added. Proof of such notice is not made. Neither is it shown that it was not given. The order of the board shows an adjournment for the purpose of giving such notice, and it is not a violent assumption to infer it from the record, but whether it was given or not, such persons are not objecting.

It was within the power of the board to add property to the assessment district, the provision permitting it being a part of the act as signed by the governor; in which respect the act differs from that passed upon in *Robertson* v. *Baxter*, 57 Mich. 131 (23 N. W. 711). The fact that the language "acted upon" is in brackets is unimportant. The report of the board of review mentioned only such descriptions as were affected by the changes made. This was not a fatal defect, the law requiring them to make such changes in the assessment of benefits made by the commissioner as they may deem just and equitable, which they did. This report should have been acted upon.

Act No. 141, Pub. Acts 1899, § 17, provides:

"In any suit brought to set aside any drain tax, or in any way attacking the legality of any drain proceedings, the county drain commissioner shall be made a party to said suit."

This section is found in the drain law, and was apparently an attempt to provide for the protection of the public interests in drains. Its effect upon the present litigation need not be considered, for the record shows that the com-

missioner was made a party, and the case was discontinued as to him, at the request of the defendant's counsel. The point should be treated as waived.

The claim is made that the plaintiff should be estopped from asserting a claim to this money under the circumstances. It is the settled rule in equity cases brought by the person taxed that one will not be relieved from his share of the burdens in such cases, and were this an equity proceeding brought by this plaintiff, the rule should be applied to him. *Atwell* v. *Barnes*, 109 Mich. 10 (66 N. W. 583); *Moore* v. *McIntyre*, 110 Mich. 237 (68 N. W. 130); *Township of Walker* v. *Thomas*, 123 Mich. 290 (82 N. W. 48); *Auditor General* v. *Melze*, 124 Mich. 285 (82 N. W. 886); *Wilson* v. *Woolman*, 133 Mich. 350 (94 N. W. 1076); *Township of Swan Creek* v. *Brown*, 130 Mich. 382 (90 N. W. 38). This, however, is not an equity case. This tax was erroneously spread, and being paid under protest, the plaintiff had a right to sue the treasurer, to whom it was paid, for the same. 2 Comp. Laws, § 4359. *Auditor General* v. *Calkins*, 136 Mich. 1 (98 N. W. 742), which discredits the dictum in *Smith* v. *Carlow*, 114 Mich. 70 (72 N. W. 22).

The judgment is reversed, and a new trial ordered.

The other Justices concurred.