LAING *v*. TOWNSHIP OF FOREST.

1. TAXATION — PAYMENT UNDER PROTEST — RIGHT TO RECOVER — ASSIGNMENT.

The right to recover illegal taxes paid under protest given by Act No. 130, Pub. Acts 1901, may be assigned and the assignee may recover though he is a stranger to the tax roll.

2. SAME—FRAUD.

That the illegality which justifies recovery consists of fraudulent alterations in the tax roll by the supervisor, does not make the action one for fraud and deceit so as to render it unassignable.

Error to Genesee; Wisner, J. Submitted January 17, 1905. (Docket No. 60.) Decided February 27, 1905.

Assumpsit by Paul L. Laing against the township of Forest for taxes paid under protest. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Black & Roberts*, for appellant.

*McFarlan & Wilson*, for appellee.

OSTRANDER, J. A number of persons owning property taxable in the township of Forest, in the county of Genesee, in this State, whose names and descriptions of whose property appeared upon the assessment and tax rolls of that township for the year 1903, and against whom upon said rolls various taxes were laid, paid the taxes under written protests. Each specified substantially the same grounds of protest.

Section 53 of the tax law, being section 3876 of the Compiled Laws of 1897, as amended by Act No. 130 of the Public Acts of 1901, reads, so far as it is necessary to consider the same, as follows:

" Any person may pay the taxes, or any one of the several

taxes on any parcel or description of land, or on any un-divided share thereof, and the treasurer shall note across the face of the receipt in ink any portion of the taxes re-maining unpaid. He may pay any tax, whether levied on personal or real property, under protest, to the treasur-er, specifying at the time in writing, signed by him, the grounds of such protest, and such treasurer shall minute the fact of such protest on the tax roll and in the receipt given. The person paying under such protest may, within thirty days and not afterwards, sue the township for the amount paid, and recover, if the tax is shown to be illegal for the reason shown in such protest. * * *."

Within the time limited each of the protesting taxpayers assigned, in writing, to the plaintiff, all right, title, and in-terest in and to the moneys so paid under protest, and also assigned and set over their several rights of action to sue for and recover the same. The plaintiff was not one of the protesting taxpayers, but was a member of a firm joining in the protest. The trial resulted in a verdict and judg-ment for the entire amount of the taxes paid, with interest. Testimony was introduced on the trial tending to show that a certain assessment of $300 against the supervisor had been fraudulently stricken from the roll after it passed the board of review, that there had been 30 or 40 other and material fraudulent alterations in assessment values as fixed by the board of review, and that certain of the taxes were illegally raised. When the assignment to plaintiff, heretofore referred to, was offered in evidence, it was ob-jected to on the part of the defendant for the reason that the cause of action was not assignable, "and particularly for the reason that plaintiff claims under said assignment, among other things, the right to recover for the fraudulent acts of the supervisor, rendering the entire tax roll of the township of Forest for the year 1903 void; also for the reason that the declaration contains no count or allegation permitting the plaintiff to recover in any event on the ground of fraud." The objection was overruled, and de-fendant excepted. At the close of the testimony it was moved in behalf of defendant that a verdict be directed for

defendant for the reason that the cause of action as alleged and proved was not assignable, because the attempted assignment was to the plaintiff, a stranger to the tax record. This motion was overruled, and these rulings are the foundation for the three assignments of error upon which the case is brought to this court.

It is contended in the brief for appellant that the right to sue in cases like this is by the statute given to the person paying under the protest; that the language of the statute by necessary implication limits the right to sue to "the person paying under such protest;" that plaintiff as an individual had paid no tax under protest; and, consequently, was not one of the persons permitted to sue. This statute, or a similar one, has received practical construction in the following cases, in each of which the action was brought by a taxpayer for himself and as assignee for other taxpayers. *Baldwin* v. *City of Hastings*, 83 Mich. 639; *Michigan Savings Bank* v. *City of Detroit*, 107 Mich. 246; *Angell* v. *Cortright*, 111 Mich. 223; *Coit* v. *City of Grand Rapids*, 115 Mich. 493; *Murphy* v. *Dobben*, 137 Mich. 565.

Before any statute like the one in question was passed, it was the settled law of the State that one paying taxes under duress—threatened or actual levy—might sue for the money so paid. *First Nat. Bank of Sturgis* v. *Watkins*, 21 Mich. 483.

In *Louden* v. *City of East Saginaw*, 41 Mich. 18, plaintiff, for himself and as assignee of other taxpayers, sued to recover money paid under compulsion. And in the last-mentioned case it seems to have been recognized by the court that the action might be brought at any time within six years after such payment of the money. This being the law of the State, the legislature, in 1882, provided by a statute similar to the one now under consideration for a payment of taxes under protest, for a short period in which to sue for the recovery of the money, and for limiting the grounds of recovery to the reasons stated in the protest. The statute rather

limits than extends the rights of the taxpayer, and is designed to secure expedition and precision. It must be construed with reference to the law in force when it was passed and the evident purpose of the legislature. So construed, it will not be held that it limits in any way action for the recovery of money thus paid under protest to the person actually assessed or actually paying the money, nor that it interferes with or limits the operation of the general statute regulating the assignment of rights of action and suits by assignees thereof. 3 Comp. Laws, § 10054; *Cook* v. *Bell*, 18 Mich. 387.

As to the objection that the cause of action in this case was not assignable because a fraudulent alteration of the roll was the basis of plaintiff's recovery, appellant contends that the case is ruled by *Dayton* v. *Fargo*, 45 Mich. 153, and like authorities. Counsel do not distinguish between actions brought purely to recover damages arising out of fraud and deceit and those, like the present one, brought to recover money in the hands of defendant which of right belonged to plaintiff's assignors. The fact that the fraudulent conduct of a township officer rendered the taxes illegal is certainly a good ground of protest. By the terms of the statute the township is sued " for the amount paid," and recovery is had " if the tax is shown to be illegal for the reason shown in such protest." The action is for money paid to defendant under conditions which require it to be returned.

The judgment ought not, for the errors assigned, to be reversed, and it is therefore affirmed, with costs.

McALVAY, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.