GODKIN *v.* RUTTERBUSH.

DRAINS—TAXATION—RECOVERY OF TAX PAID—ACTION—PARTIES.
An action brought to recover of a township treasurer money paid under protest as a drain tax, which does not make the county drain commissioner a party, is within the terms of section 4370, 2 Comp. Laws, as amended by Act No. 141, Pub. Acts 1899, which provides that, in any suit to set aside any drain tax, the county drain commissioner shall be made a party.

Error to Bay; Shepard, J.  Submitted October 12, 1906.  (Docket No. 78.)  Decided February 5, 1907.

Assumpsit by John Godkin against Herman Rutterbush, treasurer of Portsmouth township, for taxes paid under protest. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Lee E. Joslyn*, for appellant.

*Brakie J. Orr*, for appellee.

MONTGOMERY, J.    This action was brought to recover of the defendant, the township treasurer of the township of Portsmouth, Bay county, $191.25, paid to the defendant under protest, this amount having been assessed as a drain tax against two descriptions of property belonging to the plaintiff. The payment was made to avoid a levy upon personal property. The drain tax in question was assessed to pay the expense of cleaning out a drain.

The claim was made in the protest and on the trial that the notice of letting the contract for cleaning out the drain did not comply with the statute (2 Comp. Laws, § 4340), in that the publication was on the 2d, 9th, and 16th of May, for a letting on the 18th of May, whereas the statute requires a notice of not less than 10 days by causing a notice to be published not less than two insertions. It is claimed that at least two insertions in a newspaper are required, the last of which must be at least 10 days prior to the date of letting.

The defendant contends for a different construction of this section, and also contends that the plaintiff is not damaged by the irregularity in any event, and further contends that this action must fail because of the omission to make the drain commissioner a party. Defendant recovered by the direction of the court. If defendant is right in his last contention, the other questions need not be discussed.

Section 4370, 2 Comp. Laws, as amended by Act No. 141, Pub. Acts 1899, provides that, in any suit brought to set aside any drain tax or in any way attacking the legality

of any drain proceedings, the county drain commissioner shall be made a party to said suit, and it shall be the duty of the prosecuting attorney of the county where said drain is situated to defend said drain proceedings. This act was considered in *Murphy* v. *Dobben*, 137 Mich. 565, but its effect upon a case like the present was not considered for the reason that the drain commissioner had been made a party and the suit had, with the assent of all parties, been dismissed as against him. In the present case there has been no waiver, and it becomes our duty to determine whether this proceeding is within the statute. The obvious reason for the enactment of this provision was that the drain commissioner in a peculiar sense stands as the representative of those who are interested in the drain and in the collection of the tax. The purpose of the statute was to afford to the drain commissioner the opportunity to be heard in the proceeding. We think the present action is plainly within the terms of the statute as well as within its reason and purpose. It follows that the judgment should be affirmed. It is so ordered.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.