20646

SLATER CORPORATION, Respondent, v. SOUTH CAROLINA TAX COMMISSION, Appellant.

(242 S. E. (2d) 439)

*Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., Dep. Atty. Gen., G. Lewis Argoe, Jr.,* and *John C. von Lehe, Asst. Attys. Gen.,* of Columbia, *for Appellant,*

*W. Francis Marion* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for Respondent,*

March 16, 1978.

NESS, Justice:

This is an action for the restitution of additional taxes in the amount of $38,225.27 assessed against Slater Corporation. The lower court, sitting without a jury, concluded Slater was a wholesaler and therefore not liable for the taxes assessed. The South Carolina Tax Commission appeals. We affirm the order refunding the amount paid under protest, with appropriate interest.

The controversy arises from Slater's food service activities at five colleges and universities, to wit: Anderson College, Benedict College, The Citadel, Clemson University and Converse College. Slater service at Clemson University

is illustrative of the transactions between Slater and the colleges.

Clemson and Slater entered into a series of contracts between 1969 and the present whereby Slater agreed to sell food service to Clemson which Clemson, in turn, sold to its students. The basic and most substantial service was the board plan under which Clemson charged a student a certain fee and then purchased the meals from Slater for a lesser amount.[1]

The Tax Commission contends Slater was making retail sales to the students at the colleges. We disagree.

The record indicates the students purchased the meals from the respective colleges and not from Slater. In every case the college charged the student more per meal than it paid Slater. The students contracted with and paid the colleges, not Slater, for the meals. The colleges, in turn, contracted with and paid Slater. The colleges, not Slater, determined who should be entitled to purchase meals at the dining hall, and if a refund was given, it came from the college, not from Slater.

We believe the situation in *Mitchell v. Sherry Corine Corporation*, 264 F. (2d) 831 (4th Cir. 1959), is analogous. There, a caterer supplied meals to an airline for service to its customers. The court, in holding that the sales by the caterer were not at retail, stated the meals purchased by the airline were:

". . . not for self-consumption but for consumption by the passengers and although no separate specific charge is made, the cost is an operating expense taken into account in computing the rates of transportation . . . The decisive factor, in our view, is that the meals are purchased by the airlines to be distributed by them to individual passengers for consumption and that the airlines are compensated for the cost

---

[1] There was a minor service offered by Slater to individual organizations such as Blue Key under authority of the colleges.

by making a constituent element for the charge of transportation. In a broad sense, it may fairly be said that there is such a resale as to exclude the transactions from the retail exemption of the statute." 264 F. (2d) at 835.

See also *Undercofler et al. v. Eastern Air Lines, Inc.*, 221 Ga. 824, 147 S. E. (2d) 436 (Ga. 1966).

We are unpersuaded by the later federal cases cited by appellant concerning the retail exemption provision to the wage and hour laws. Although the cases involve similar food service sales at private schools, the courts' decisions rested on a clear congressional intent to include catering services within the retail exemption to the Fair Labor Standards Act. Despite its ultimate conclusion, the court in *Hodgson v. Crotty Brothers Dallas, Inc., et al.*, 450 F. (2d) 1268 (5th Cir. 1971) stated:

". . . even though no completed meals ever passed from Crotty [the caterer] to the school, it would seem more reasonable to characterize the transactions involving Crotty, the school, and the students as sales for resale than as sales directly from Crotty to the students." 450 F. (2d) at 1280.

Although the tax assessed against Slater was labeled a use tax, appellants now contend it was a sales tax. We find it unnecessary to denominate the type of tax assessed in light of our conclusion that Slater is a wholesaler. As such, it could not be liable for either a sales tax or a use tax.

Code Section 12-35-170 defines a wholesale sale as:

"[A] sale of tangible personal property by wholesalers to licensed retail merchants, jobbers, dealers or other wholesalers for resale, and do not include a sale by wholesalers to users or consumers, not for resale."

The meals in question were clearly purchased for resale with the students buying their food from the colleges rather than from Slater.

The lower court correctly characterized Slater as a wholesaler, and we affirm the order refunding the amounts paid under protest with interest.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.