## 21103

BOB JONES UNIVERSITY, Respondent, v. SOUTH CAROLINA TAX COMMISSION, and. Robert C. Wasson, Chairman, Charles N. Plowden, Commissioner, and John H. LaFitte, Jr., Commissioner, constituting the members of the South Carolina Tax Commission, Appellants.

(261 S. E. (2d) 309)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Senior Asst. Atty. Gen. G. Lewis Argoe, Jr.,* Columbia, *for appellants.*

*O. Jack Taylor, Jr.,* and *H. Brent Fortson,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

December 31, 1979.

NESS, Justice:

The master and trial judge held respondent Bob Jones was entitled to a refund of taxes paid under protest to appellant South Carolina Tax Commission. We reverse.

Section 12-21-1740, Code of Laws of South Carolina (Cum. Supp. 1978), imposes a tax on syrup used in mixing soft drinks. Section 12-21-1810 (Cum. Supp. 1978) exempts from taxation "syrup sold to any person for home consumption."

Respondent, a private university, maintains campus dining facilities which serve its students soft drinks as part of their evening meals. In late 1977, appellant assessed taxes and penalties totalling $5,363.99 against respondent for the syrup used in maxing those soft drinks. Respondent paid the assessment under protest and sought a refund claiming to be exempt from taxation under Code Section 12-21-1810, *supra.*

By its terms, Code § 1-21-1810, *supra,* exempts from taxation only syrup purchased by a "person" for "home consumption." Applying the rule of strict construction normally applicable to statutes granting exemption from taxation, see e. g., *In Re Marlow,* 269 S. C. 219, 237 S. E. (2d) 57 (1977); *York County Fair Association, Inc. v. South Carolina Tax Commission,* 249 S. C. 337, 154 S. E. (2d) 361 (1967), we find respondent fails to meet this criteria in at least three particulars. First, we construe the term "person" to mean only natural persons, thereby excluding respondent. *See generally* 32 Words & Phrases 51 (1979 Cum. Supp.). Second, we give the term "home" its ordinary

construction, *i. e.,* the dwelling place one shares with his family. Black's Law Dictionary 660 (5th Ed. 1979) ; Webster's Third New International Dictionary 1082 (Unabridged Ed. 1965). Finally, we note respondent, like the taxpayer in *Slater Corp. v. S. C. Tax Commission,* 270 S. C. 405, 242 S. E. (2d) 439 (1978), purchased the syrup not for its own consumption, but for resale to its students through a general university charge. We interpret Code § 12-21-1810, *supra,* not to apply to syrup purchased for resale, regardless of the setting in which it is served.

Reversed.

Lewis, C. J., and Littlejohn, Rhodes and Gregory, JJ., concur.