0107

SLATER CORPORATION, Appellant, v. SOUTH CAROLINA TAX COMMISSION, Respondent.

(314 S. E. (2d) 31)

Court of Appeal

*W. Francis Marion* and *Joseph J. Blake, Jr.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.* and *Asst. Atty. Gen. Ronald W. Urban,* Columbia, *for respondent.*

Heard Jan. 25, 1984.

Decided March 2, 1984.

SANDERS, Chief Judge:

This is an action by appellant Slater Corporation against respondent South Carolina Tax Commission pursuant to section 12-47-440 of the 1976 Code of Laws of South Carolina. Slater seeks a refund of certain sales taxes which it paid as a buyer of food supplies from various sellers during the period 1969 through 1978. The trial judge denied the refund. We reverse.

Slater is a food service company which prepares and serves meals at a number of educational institutions in South Carolina. In February 1969, the Commission issued a ruling to Clemson University recognizing that a certain proposed agreement between Slater and Clemson established an agency relationship. That relationship would entitle either Clemson or Slater to pay sales or use taxes calculated on the

price at which food supplies were purchased. Based on this ruling, Slater paid sales taxes on purchases of food supplies from various sellers during the years in question.

In 1976, the Commission audited Slater and determined it was operating, at least in part, as an independent retailer, not as an agent of the schools at which it was providing food service. Slater contested this determination and brought an action against the Commission to recover the sales and use taxes which were assessed against it as a result of this audit. In 1978, the South Carolina Supreme Court held Slater was not liable for the taxes assessed because, in providing food services at the schools, Slater was purchasing the food supplies as a wholesaler as defined by section 12-35-170. *Slater v. South Carolina Tax Commission*, 270 S. C. 405, 242 S. E. (2d) 439 (1978).

Based on this decision, Slater sought a refund for the taxes which it had paid to various sellers of food supplies since the Commission's 1969 ruling. The Commission acknowledged that a refund was due but took the position that only the sellers of the food supplies, not Slater, could recover. Accordingly, Slater was denied the refund on the ground that it was not the proper taxpayer to seek a refund under section 12-47-440. Slater then filed with the Commission certain assignments from the sellers who had assigned to Slater their refund claims for the taxes paid. The Commission again denied refund to Slater, taking the further position that a claim for refund sought pursuant to section 12-47-440 could not be assigned.

Slater next brought this action against the Commission. After initiating this action, but prior to trial, Slater also filed separate petitions for refund as agent for the sellers and in their names. The trial judge affirmed the position of the Commission and denied Slater the refund.

Section 12-47-440 provides that an application for refund of any tax or license fee erroneously, improperly or illegally assessed, collected or paid may be made by "the taxpayer, by whom or on whose behalf the license fee or tax was paid." The Commission argues that even though Slater paid the taxes on which a refund is admittedly due, Slater is not entitled to a refund because section 12-35-510 imposes the sales tax on sellers. In other words, despite the fact that the tax is passed

on to and paid by buyers, a buyer is not a "tax payer" authorized to seek a refund under section 12-47-440.[1]

Slater, on the other hand, points to the definition of a "taxpayer" provided by section 12-35-150, "any person liable for taxes under this chapter," and contends it is such a taxpayer as provided by two other sections in Chapter 35. These sections are 12-35-810 which provides a use tax on personal property in the same amount as the sales tax, and section 12-35-820 which excludes from this tax personal property subject to the sales tax and on which the sales tax has been paid by the seller.

While this contention by Slater may have merit, it is not necessary that we reach the question of whether Slater is a taxpayer entitled to seek a refund pursuant to Code section 12-47-440. It is our opinion that the assignments which Slater received from the sellers from whom it purchased the food supplies are valid transfers of their rights to a refund of the taxes which Slater paid.

The law of South Carolina has long recognized that a chose in action can be validly assigned in either law or equity. *Forrest v. Warrington,* 2 Desaus. Eq. 254 (1804).

While our Supreme Court has apparently not ruled specifically on the assignability of a claim for tax refund, the greater weight of authority allows such a claim to be assigned. *Laing v. Forest Tp.,* 139 Mich. 159, 102 N. W. 664 (1905); *State ex rel. Great Northern Ry. Co. v. State Board of Equalization,* 121 Mont. 583, 194 P. (2d) 627 (1948). *Cf. Fischer & Porter Co. v. Porter,* 364 Pa. 495, 72 A. (2d) 98 (1950) (dicta indicates assignment is valid). *See also* Annot., 134 A.L.R. 1202 (1941); 72 Am. Jur. (2d) *State and Local Taxation* § 1076 (1974). This view is followed even where the provision of the refunding statute authorizes the refund be made or credit be given to the person aggrieved by or making the overpayment. *Laing; People ex rel. Stone v. Nudelman,* 376 Ill. 535, 34 N. E. (2d) 851 (1940). *See also* Annot., *supra;* 72 Am. Jur. (2d) *supra.*

---

[1] Section 12-35-610 specifically authorizes sellers to pass on the sales tax which they are required to remit to the Commission to buyers by adding to the sales price which they charge. It is undisputed that the sellers of the food supplies to Slater added this tax to the purchase prices which they charged.

We hold that Slater, as assignee of the various sellers ■ from whom it purchased food supplies, acquired their rights to collect refund of sales taxes erroneously, improperly or illegally assessed, collected or paid as provided by section 12-47-440. Of course, Slater, as assignee, would acquire no greater rights than the sellers themselves had, and its right to collect refund is subject to any defense which the Commission might have against them.

Finally, the Commission argues that because Slater did not file a written refund claim within the statutory period provided by section 12-47-440, only a portion of the taxes paid should be considered for refund. Having determined that Slater was not the proper taxpayer to seek a refund, the trial judge did not reach this issue. Therefore, we remand to the circuit court for the purpose of addressing the statute of limitations question and computing the exact amount of the refund due Slater in accordance with this opinion.

The order of the trial judge is reversed and the case is remanded.

Reversed and remanded.

SHAW and BELL, JJ., concur.