## SMITH *v.* TOWNSHIP OF EATON.

1. SURFACE WATERS—DIVERSION BY HIGHWAY COMMISSIONERS.
   Township highway officers have no right to divert the natural course of surface water so as to impose upon the land of one person the servitude which naturally belongs upon the land of another.

2. SAME—INJUNCTION.
   Where township highway officers wrongfully diverted surface water onto plaintiff's land on July 20th, it was no defense to a bill for injunction brought September 29th that defendants did not intend to leave the water on plaintiff's land, but to carry it farther along into a public drain, as complainant could not be expected to delay longer.

3. SAME.
   A landowner is entitled to an injunction to restrain township officers from diverting the natural course of surface waters so as to cast them upon his land to his injury.

| | |
|---|---|
| 138 | 511 |
| 140 | 305 |
| 138 | 511 |
| 141 | ¹254 |
| 138 | 511 |
| d151 | ¹584 |
| 138 | 511 |
| 153 | ³272 |

Appeal from Eaton; Smith, J. Submitted October 20, 1904. (Docket No. 69.) Decided December 14, 1904.

Bill by Edgar M. Smith against the township of Eaton and others to restrain the casting of drainage water upon complainant's land. From a decree for complainant, defendants appeal. Modified and affirmed.

*Garry C. Fox* and *J. M. C. Smith*, for complainant.

*J. M. & J. L. Powers* (*Frank A. Dean*, of counsel), for defendants.

CARPENTER, J. Complainant and defendant Puffenberger are adjacent owners of land in Eaton county. Complainant's land lies to the north of Puffenberger's land, said tracts being separated by an east and west highway. Lying east of Puffenberger's land, and separated therefrom by a north and south highway, is a tract of land belonging to one Gibbs. The natural slope of this last tract is towards the west, and therefore all the surface water from said Gibbs' land is carried down onto the highway, and formerly, through a sluice under the north and south highway, upon and over Puffenberger's land. Lying to the north of this sluice, and between it and complainant's land, is a natural rise in the surface. This rise extends across the north and south highway, and thereby confines the surface water from Gibbs' land to the highway and Puffenberger's land. Said sluice across the highway became closed, and quantities of water accumulated along the highway, and flowed across it and onto Puffenberger's land. The township officers, defendants herein, in order to relieve this condition, turnpiked said north and south highway, and made a ditch along the east side of said turnpike. By means of this ditch said water passed through the divide; it then passed through a sluice under said highway, across the northeast corner of Puffenberger's land, and, through another sluice under the east and west highway (as more clearly shown by the accom-

panying diagram which is substantially accurate), it flowed onto complainant's land.

After complainant had suffered from this nuisance from July 20 to September 29, 1902, he filled said ditch, and commenced this suit, seeking to enjoin the diversion of said water from Gibbs' land onto his own. From a decree for complainant, defendants appeal to this court.

The principal question in controversy is whether, for the purpose of improving a highway, public authorities have a right to divert the natural course of surface water so as to

138 MICH.—33.

impose upon the land of one person the servitude which naturally belongs upon the land of another. This question is answered in the negative by our own decisions. See *Cubit* v. *O'Dett*, 51 Mich. 347; *Breen* v. *Hyde*, 130 Mich. 2.

It is contended that it was defendants' plan and purpose not to leave this water on complainant's land, but to carry it farther along into a public sewer called "Beaver Dam Drain." If that was their purpose, the record shows no sufficient excuse for so long a delay—from July 20 to September 29, 1902—in executing it. As the learned trial judge said, "The complainant was as patient as could have been expected, and waited as long for them to proceed with the contemplated highway improvements as in reason could have been asked."

It is also urged that the water which was cast and which would have been cast upon complainant's land was so inconsiderable in quantity that he was not entitled to an injunction. We think otherwise. We think the water was sufficient in quantity to occasion serious injury, and that complainant was entitled to an injunction. See *Bruggink* v. *Thomas*, 125 Mich. 9; *Davis* v. *Township of Frankenlust*, 118 Mich. 494.

It is also urged that the decree appealed from is so broad that defendants are enjoined from making certain proper highway improvements, though the same will not have the effect of casting water upon complainant's land. It is doubtful if the decree is susceptible of this construction. If it is, it goes too far, and farther than the parties contemplated or the trial court intended. To avoid all possibility of misunderstanding, we will, in affirming the decree, so modify it that it will not be open to the objection in question.

As so modified, the decree will be affirmed, with costs of this court.

The other Justices concurred.