ELLIOTT v. CARTER.

| 140 303|<br>d151 ¹584|

1. WATERS AND WATERCOURSES—SURFACE WATERS — DISCHARGE.
Neither the public, in constructing highways, nor private parties for the benefit of their own lands, can turn water from its natural course onto the lands of another.

2. DRAINS—CONSTRUCTION—ESTOPPEL.
Complainant, by helping to construct a ditch, did not consent, nor was he estopped to object, to its being deepened and laid with tile so as to cast an additional quantity of water on his land.

Appeal from Ionia; Stone, J., presiding. Submitted April 27, 1905. (Docket No. 99.) Decided May 22, 1905.

Bill by David F. Elliott and another against Zeno W. Carter to restrain the flooding of complainants' land. From a decree dismissing the bill, complainants appeal. Reversed, and decree entered for complainants.

Complainants and defendant own adjoining farms; complainants' being on the west side, and defendant's on the east side, of a public highway running north and south.

The country is very flat and marshy. On each side of this highway is a ditch running from a swale or low piece of ground, situated partly on the lands of both. The highway separates this swale nearly in the middle. Originally the highway across the swale was made of logs, and known as "corduroy." In course of time the logs were covered with earth, so that the water would not flow from one side to the other. Surface water alone filled the swale. In high water the water would overflow the lips of the swale, and flow in three different directions—southeasterly, southwesterly, and northwesterly. After the bed of the highway across the swale was filled with dirt, stopping the flow of the water, all the water that came from the lands on the west flowed over the complainants' lands to the east and west road, and all that coming from the lands on the east side flowed in a southeasterly direction over defendant's land until ditches were dug along the highway. A ditch extends along the north side of the east and west road, and runs into a public township drain about 80 rods distant. Complainants have drains running in a southerly direction to this ditch—one running from the swale west of the highway. A ditch was dug more than 15 years ago on the east side of the highway from the swale to the east and west road, and a sort of culvert constructed along the north side of the east and west road, so that the water coming down this ditch passed into the ditch in front of complainants' land. In 1894 the defendant deepened the ditch on the east side of the highway from the swale on his land to this sluiceway about 2 feet. The distance from the swale to the sluiceway is about 400 feet. He was about to place larger tile in the sluiceway, when the complainants filed their bill, praying for an injunction; claiming that the water thus emptied from the defendant's land into this ditch and in front of their land would cause the water to back up in the drains upon their land and damage it. The defenses are three:

(1) That the ditch has been for nearly 20 years a part of the necessary plans and methods of constructing this

highway. (2) That both the defendant and the township have acquired a prescriptive right to continue the existence of this ditch and the sluiceway. (3) That complainants are estopped by their own acts and the acts of their grantors to deny the right of the defendant to continue the use of the ditch.

The case was heard upon pleadings and proofs, and the bill dismissed.

*John Nichol,* for complainants.

*William K. Clute,* for defendant.

GRANT, J. (*after stating the facts*). 1. That neither the public, in constructing highways, nor private parties for the benefit of their own lands, can turn water from its natural course onto the lands of another, is well settled. 2 Farnham on Waters & Water Rights, 960; *McAskill* v. *Township of Hancock,* 129 Mich. 74 (55 L. R. A. 738); *Breen* v. *Hyde,* 130 Mich. 1, and authorities there cited; *Smith* v. *Township of Eaton,* 138 Mich. 511. It is shown by a survey made by a competent surveyor that the lands around this swale on the defendant's farm are lower than those upon the complainants' farm, and that, when there is water sufficient to overflow that part of the swale east of the highway, it naturally goes upon the land of the defendant. The ditch, as it was dug by the defendant from this swale to the sluiceway, is about five feet deep. It has not been dug to this depth a sufficient length of time to give him the right by prescription. Prior to 1894 it was not as deep by two feet. To the depth to which it was dug and had existed for more than 15 years before suit was brought, both the township and the defendant had acquired a prescriptive right to its use. It is apparent that in that condition the water did not cause much, if any, damage to the complainants. The depth of the ditch acquired by prescription is three feet below the surface of the ground at the highest point.

2. The claim of estoppel rests upon the evidence that

complainants and their grantors had worked in the construction of this ditch. The record does not show that they, by any acts or conduct, consented that this ditch should be dug to the depth now claimed by the defendant. Neither does it justify the conclusion that they consented to and acquiesced in the depth now claimed, and in the tile as now proposed to be put in the sluiceway.

The decree will be reversed, and the decree entered in this court for the complainants, in accordance with this opinion, with costs of both courts.

Moore, C. J., and Blair, Montgomery, and Ostrander, JJ., concurred.