### YODER *v.* CITY OF HARRISON.

1. MUNICIPAL CORPORATIONS—FOURTH CLASS CITIES—STREETS—ESTABLISHMENT AND ALTERATION OF GRADE.

    Statutory provisions governing powers of fourth class cities give them authority to determine and establish the grade of all streets within the city but provide that the grade so established shall not be altered without compensation to the owner for all damages to property resulting from such change (CL 1948, §§ 102.5, 102.7).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 26 Am Jur 2d, Eminent Domain §§ 228, 229, 230.

2. SAME—STREETS—ESTABLISHMENT OF GRADE—DAMAGES TO ADJOIN-
ING LAND.

Trial court's finding in action by property owner against munic-
ipal corporation that the city was not liable for damages caused
by the establishment of grade of an adjoining street *held*,
proper where testimony in record established that the street
previously existed only as a trail and that work of city con-
stituted establishment of the grade of a city street and not
such alteration of that grade as would give rise to a right of
action in adjoining land owner for damages (CL 1948, §§
102.5, 102.7).

Appeal from Clare, Campbell (Robert H.), J.
Submitted Division 3 March 5, 1968, at Grand
Rapids. (Docket No. 3,064.) Decided October 23,
1968.

Complaint by James Yoder and Joan Yoder
against the city of Harrison, a municipal corpora-
tion, for damages to property adjoining street upon
establishment of grade of street by defendant.
Judgment of no cause of action. Plaintiffs appeal.
Affirmed.

*Hughes & Trucks,* for plaintiffs.

*Strange & Hole,* for defendant.

McINTYRE, J. Facts were stipulated by counsel
for the respective parties in lieu of a transcript of
trial for the purpose of appeal. Briefly they are as
follows:

The Yoders own Lot 6, of Block 28, Wilson's
Second Addition to the city of Harrison. They
maintain a home, garage, barn and have a septic
tank on the premises to dispose of waste. As orig-
inally platted, the lot in question is bounded on the
north by Pine Street and on the west by Broad
Street. Prior to 1964 Broad Street was an unim-

proved street and its grade had never been established by the city of Harrison. The trial judge found that the testimony of the plaintiffs established that Broad Street was in fact only a trail. Surface water drainage runs from east to west over the property of the plaintiffs. In the summer of 1964 the city of Harrison established a grade for Broad Street and put in 3000 yards of fill dirt, raising the level of the land approximately 5 to 6 feet. The city in so doing placed no culvert under this grade; in fact, the city has established no culverts on any of its streets except those under state trunklines maintained by the State of Michigan. Damages, if any, to the plaintiffs were stipulated in the sum of $2,500. The city of Harrison is a fourth class city.

It is the complaint of the plaintiffs that the present grade of Broad Street establishes a dam which blocks the flow of surface waters from east to west over their property causing the damage complained of. Defendant city relies upon PA 1895, No 215, Fourth Class Cities Act, as amended (CL 1948, §§ 102.5, 102.7 [Stat Ann 1949 Rev §§ 5.1810, 5.1812]), as authority for the proposition that in establishing the original grade of a street no resultant damage to an adjacent property owner need be paid.

The case was tried before the court, and in the opinion of the court it was factually found that the grade which the city used for Broad Street was the same height as the grade of the existing streets on the north and south side of the property of the Yoders. The court also found that the work on Broad Street was not regrading or improvment, but was the opening of a street that had not existed theretofore except on the plat.

Although couched in different language, the question involved as stated by the plaintiffs, the defendant, and the trial judge are the same. The trial

judge stated the issue as, "whether or not the city can open a new street without providing for drainage of adjoining property." He held that it could, and we cannot see error in his holdings.

Sections 5 and 7, Chapter XXII, of PA 1895, No 215 (CL 1948, §§ 102.5, 102.7 [Stat Ann 1949 Rev §§ 5.1810, 5.1812]), have never been amended. Section 5 provides the authority to council of a fourth class city to determine and establish the grade of all streets within the city, and to require improvements and buildings adjacent to or abutting upon such streets to be made and constructed in conformity with such grade. Section 7 provides that the grade which is established in section 5 shall not be changed without compensation to the owner for all damages to such property resulting from this change. In view of the factual findings by the trial judge that Broad Street never existed prior to the city action of 1964 except on the plat, he quite properly found that the action of 1964 was an original establishment of a grade, and not a change, and correctly held that no damages would be payable therefor.

The common-law rule with regard to the question posed here was lengthily examined by Justice COOLEY in *City of Pontiac* v. *Carter* (1875) 32 Mich 163, 166:

"Those who purchase house-lots bordering on streets are supposed to calculate the chance of such elevations and reductions as the increase in population of the city may require, in order to render the passage to and from the several parts of it safe and convenient, and, as their purchase is always voluntary, they may indemnify themselves in the price of the lot which they buy, or take the chance of future improvements, as they shall see fit. The standing laws of the land giving to surveyors the power to make these improvements, everyone who purchases a lot up on the summit or on the decline of a hill, is presumed to foresee the changes which

public necessity or convenience may require, and may avoid or provide against loss."

Justice COOLEY thus quotes from the leading American case of that time, *Callender* v. *March* (1823), 18 Mass (1 Pick) 418. It is evident that the legislature in passing the act of 1895 incorporated this common-law rule with respect to sections 5 and 7, Chapter XXII, of that act. *Carter, supra,* was in part overruled by *Thom* v. *State Highway Commissioner,* (1965), 376 Mich 608, but in so doing, the Supreme Court was careful to restrict such overruling. In footnote 4, it is stated that so much of *Carter* is overruled as applies to the *alteration* of the grade of a public way abutting upon property. Justice SOURIS states in footnote 4:

"It is that rule or general principle, which we would overrule so that even absent negligence or trespass, the owner of private property abutting on a public way must be compensated whenever public authorities *alter* the grade of a public way in such a way as to constitute a taking of a property right." (Emphasis supplied.)

. *Thom, supra,* did not relate to an action taken under the provisions of PA 1895, No 215, but concerned a claim against the Michigan state highway commission for alleged injuries arising out of a change of grade on a public highway. Upon research, this Court can find no decision which alters the thrust of the *Carter* rule, or of the public act under consideration here, as relates to the *original* establishment of a street grade.

Cases cited by the plaintiffs have no application to the issue here. *Cubit* v. *O'Dett* (1883), 51 Mich 347, was, of course, decided before 1895, and related to the actions of a highway commissioner in disturbing a drain. *Smith* v. *Township of Eaton*

(1904), 138 Mich 511, is an action against a township highway officer and does not relate to a city street. *Bennett* v. *County of Eaton* (1954), 340 Mich 330, concerned the action of a county board of road commissioners and related to the improvement of a highway and not the establishment of an original grade.

Affirmed. No costs.

HOLBROOK, P. J., and QUINN, J., concurred.