CHARLES BYRAM v. THE CITY OF DETROIT, AND JACOB GUTHARD, RECEIVER OF TAXES.

*Re-assessment of paving tax—Injunction against collection.*

Petitioners for a public improvement cannot maintain a bill to restrain the collection of a tax assessed to pay for it.

It is presumed to be a matter of judicial knowledge that the danger of a cloud upon title arising from an assessment which has been held void, is removed by a subsequent statute recognizing the invalidity of the assessment and providing for a re-assessment.

The Legislature can authorize a re-assessment of a paving tax to pay for work done in good faith where a previous assessment therefor has been held void.

Injunction to restrain the collection of a paving tax will not issue where the parties seeking it have unreasonably delayed to ask relief, and are presumably benefited by the work done, and where a re-assessment can be ordered, and a remedy exists at law against the tax, if void.

Appeal from the Superior Court of Detroit. (Chipman J.) Jan. 10.—Jan. 18.

INJUNCTION bill. Defendants appeal. Reversed.

*Otto Kirchner* for complainant.

City Counselor *Henry M. Duffield* for defendants.

CAMPBELL, J. The bill in this case was filed to restrain the collection of assessments for the repaving of Jefferson avenue from the railroad bridge on Dequindre street to Elmwood avenue, on the same grounds set up in *Wilkins v. Detroit* 46 Mich. 120.

The bill was filed in September, 1881, which was several months after that case was first examined in this Court, and after all the matters involved had received attention. The case was heard on March 18, 1882, and appealed to this Court, where the appeal papers were filed in May. The court below sustained the bill in favor of most of the parties.

Before the case was argued and decided below, the city of Detroit had applied to the Legislature for relief, admitting the invalidity of the assessments and asking further legislation ; and on the 15th of March, 1882, an act was passed and took immediate effect, whereby the expense of the work was allowed to be re-assessed.

Under these circumstances we can see no occasion for any further protection against the old assessments, or for any consideration of them. They have ceased to have any importance to these complainants and they need no injunction, and needed none when the decree below was made.

We do not think that the complainants were very prompt in bringing their bill, and we are inclined to think the delay ought properly to have been considered on the hearing below. But the only reason for asking relief was to avoid a cloud upon their titles, and, while the parties were probably ignorant of the fact, it was nevertheless matter of presumed judicial knowledge that the statute of March 15 had removed this danger. At the same time it is equally clear that the decree below, except as to costs, was of no particular importance to the city.

Without discussing questions which have no present importance we are of opinion that the decree below should be reversed except as to complainants Byram, Campbell and Nagle,* as to whom it should be affirmed, and that, with the exception of those three persons, all parties pay their own costs.

The other Justices concurred.

Afterwards, at the October term, 1882, a motion was made

---

*These complainants had petitioned for the repaving for which the tax was assessed, and as to them the bill was dismissed in the court below.

for a rehearing in the case on the ground that the city had never admitted the invalidity of the assessments as stated in the opinion. Motion submitted October 3 and granted October 4. The case was reheard January 10, 1883, and decided January 18,—the decree below being reversed, and the bill dismissed with costs.

MARSTON, J. We have no doubt whatever of the power of the Legislature to authorize a re-assessment under the circumstances and in the manner indicated in Act No. 44, Local Laws 1882, p. 17,* and without intimating any opinion as to whether this case comes within the provisions of that act, we think it may well be disposed of on other grounds.

That the contract under which the work was done was in good faith let in accordance with the then customary manner of advertising for bids is conceded; and that these complainants are benefited by the pavement, to the amount of the assessments made upon their property, is not denied or put in issue in this case.

The assessment sought to be set aside was made and approved by the common council in September, 1880, and the work done shortly thereafter, of which complainants had full notice. The bill in this case was filed in September, 1881, long after the work was completed and accepted and complainants had the benefit thereof. They have not paid or offered to pay any part of this tax, but seek to avoid payment of the whole thereof. The fact that others may have

---

*Act 44 of 1882 set forth, by preamble, that the Common Council of Detroit had resolved, June 22, 1880, to repave Jefferson avenue under their charter authority to appropriate $200,000 annually without the petition of a majority of property-owners, and that about Sept. 21, 1880, the board of public works had made a contract for the work; that after the contract was let, an assessment was made to meet the expense, but was declared void, and only part of the taxes assessed therein had been paid; that the contractor, however, had performed his work and had received a part, only, of his proper compensation, and that it was equitable that the expenses of the improvement should be paid by the owners of the real estate benefited. It was accordingly enacted that the municipal councils of Detroit should cause a re-assessment to be made upon the owners and occupants of the premises benefited by the improvement, and that they should be credited with such sums as they had already paid under the former assessment which had been held invalid.

more promptly filed a bill for relief would not be sufficient excuse for the delay of complainants in this case. Had they acted promptly, the city might have applied to the Legislature and obtained ample authority to make a re-assessment, and thus have collected the amount thereof before now. In view, therefore, of the delay; of the fact that complainants are presumptively benefited by the pavement, and should therefore pay their equitable proportion of the tax; of the fact that the Legislature can still authorize a re-assessment, and that if the tax is, as claimed, void, they have a legal remedy,—we are of opinion that the relief prayed for should not be granted. *Albany & Boston Mining Co. v. Auditor General* 37 Mich. 393.

The decree below will be reversed and the bill dismissed with costs.

The other Justices concurred.