HENRY LUNDBOM ET AL. v. THE CITY OF MANISTEE ET AL.

*Municipal improvements—Paving tax—Injunction—Estoppel.*

The collection of a paving tax will not be enjoined where the complainants have allowed the contractors to go on with the work without asking for relief, and have reaped the benefit thereof, with full knowledge that their lands were so situated with reference to the improvement that any assessment made for the same would include said lands; citing *Byram v. Detroit*, 50 Mich. 56.

Appeal from Manistee. (Judkins, J.) Submitted on briefs June 16, 1892. Decided October 4, 1892.

Bill to restrain the collection of a paving tax. Complainants appeal. Decree affirmed. The facts are stated in the opinion.

*D. S. Harley*, for complainants.

*Dovel & Smith*, for defendants.

MONTGOMERY, J. The bill in this case was filed to restrain the collection of taxes assessed against property

owned by complainants. This tax was assessed for the paving of Kosciusko, Eighth, and Vine streets in said city. The assessment was made on the 24th of July, 1888, and the bill was filed on the 13th of September, 1890.

A large number of objections are made to the proceedings, all of which have been carefully considered; but, if it be conceded that there are irregularities which would have proved fatal to the proceedings if the complainants had acted promptly, we do not think they are entitled to relief in a court of equity under the circumstances of this case. As already stated, more than two years elapsed after the assessment of the tax before the filing of the bill. During this time the work was allowed to progress without objection, so far as the record discloses, on the part of any one of these complainants. All of the complainants, with one exception, paid the first installment of the tax assessed.

Section 17, chap. 26, of the charter of Manistee,[1] provides that—

"No public work, improvement, or expenditure shall be commenced, nor any contract therefor be let or made, except as herein otherwise provided, until a tax or assessment shall have been levied to pay the cost and expense thereof, and no such work or improvement shall be paid for, or contracted to be paid for, except from the proceeds of the tax or assessment thus levied."

These complainants knew of this provision of law, knew that their lands were so situated with reference to the improvement that any assessment, whether on the basis of benefits or frontage upon the streets, would include such lands, and yet they allowed the contractors to go on with the work, and reaped the benefit of the same. It is beyond question that under these circumstances a reassessment for these benefits might be made. The case falls within *Byram*

---

[1] Act No. 48, Laws of 1882.

*v. Detroit,* 50 Mich. 56, 58, and what was said in that case is entirely appropriate to the case under consideration:

"The bill in this case was filed in September, 1881, long after the work was completed and accepted, and complainants had the benefit thereof. They have not paid or offered to pay any part of this tax, but seek to avoid payment of the whole thereof. * * * Had they acted promptly, the city might have applied to the Legislature, and obtained ample authority to make a reassessment, and thus have collected the amount thereof before now. In view, therefore, of the delay; of the fact that the complainants are presumptively benefited by the pavement, and should therefore pay their equitable proportion of the tax; of the fact that the Legislature can still authorize a reassessment; and that, if the tax is as claimed, void, they have a legal remedy,—we are of opinion that the relief prayed for should not be granted."

See, also, *Ritchie v. City of South Topeka,* 38 Kan. 368 (16 Pac. Rep. 332).

The decree dismissing the bill will be affirmed.

The other Justices concurred.