ATWELL *v.* BARNES.

DRAINS—ASSESSMENT FOR BENEFITS—INJUNCTION.

Equity will not enjoin the collection of a tax assessed to defray the expense of extending and improving a drain, on the ground of the illegality of the proceedings for the improvement, at the suit of one who has stood by and permitted the work to go on, knowing that those who did the work could be compensated in no other way than by an assessment for benefits, and that his land was to be assessed therefor, and who is in fact benefited by the improvement made.

Appeal from Lenawee; Lane, J.    Submitted March 9, 1896.    Decided March 24, 1896.

Bill by Conrad Atwell against Henry F. Barnes, drain commissioner of Lenawee county, and another, to enjoin the collection of a drain tax assessed against complainant's land.    From a decree dismissing the bill, complainant appeals.    Affirmed.

*A. L. Millard,* for complainant.

*Westerman & Westerman,* for defendants.

MONTGOMERY, J.    This is a bill filed to set aside proceedings for deepening and widening and extending a drain, and to restrain the collection of a tax levied against the land of the complainant to pay for the same.

It appears from the complainant's testimony that he appeared before the probate judge, and took part in the selection of commissioners, and subsequently signed bonds on an appeal to the township board taken by one of his neighbors, and that he (complainant) also appeared before the board, and complained of the amount of his assessment, and that the board cut it down somewhat. From this on, complainant did nothing until the work

was completed and the benefits to his property had been realized, and then filed the present bill. We think the bill was properly dismissed, under *Byram* v. *City of Detroit*, 50 Mich. 56; *Lundbom* v. *City of Manistee*, 93 Mich. 170; *Goodwillie* v. *City of Detroit*, 103 Mich. 283.

Complainant's counsel contends that the defects in the proceeding are jurisdictional. Where this is the case, no waiver can cut off the rights of the party, or interfere with his right to complain. We need not determine what would be the right of complainant at law. The cases above cited do not turn on the principle of waiver, but hold that where a party stands by and sees work of this kind go on, with full knowledge that he is to be assessed therefor, and knowing that those who do the work can be compensated in no other way than by an assessment for benefits, and when, as in the present case, the complaining party actually receives a benefit from such work, equity will not interpose to relieve him.

It is suggested that there is no issue of waiver, but, as before stated, the question is one of remedy, and the answer contains a demurrer clause.

Decree affirmed.

The other Justices concurred.