FITZHUGH *v.* CITY OF BAY CITY.[1]

PUBLIC IMPROVEMENTS—ASSESSMENT FOR BENEFITS—ESTOPPEL.

A property owner who, having full knowledge personally and through his agent that a street improvement is to be made and that his lands are to be assessed therefor, allows the improvement to be completed, and the contractor to be paid out of the proceeds of bonds issued by the city in anticipation of the collection of the assessment, without making any objection thereto, cannot thereafter maintain a bill to restrain the collection of the assessment on the ground of irregularities therein.

|  |  |
|---|---|
| 109 | 581 |
| d118 | 251 |
| 109 | 581 |
| 126 | 607 |
| 109 | 581 |
| 134 | 404n |
| 109 | 581 |
| h136 | 201 |
| 109 | 581 |
| 150 | 34 |

Appeal from Bay; Maxwell, J. Submitted April 23,. 1896. Decided June 30, 1896.

Bill by Cornelia G. Fitzhugh against the city of Bay City and the Auditor General of the State of Michigan,. to restrain the collection of a paving assessment. From. a decree for defendants, complainant appeals. Affirmed..

*Fatio Colt* (*E. A. Cooley*, of counsel), for complainant.

*U. R. Loranger*, City Attorney, for defendant city.

LONG, C. J. This bill is filed by complainant, who resides at Groveland, N. Y., for the purpose of setting aside an assessment upon her lands in Bay City for paving what is known as "Twelfth Street." Ten reasons are given why the tax is void and should be set aside. On the hearing in the court below, the tax, which was to be paid in three installments, was upheld, except a reduction in the first installment to be paid. Complainant appeals.

[1] Rehearing denied July 28, 1896.

We think it unimportant to discuss the objections raised as to the legality of this tax. It appears that in April, 1893, the common council of Bay City adopted a resolution to grade and pave Twelfth street between Water street and the Tuscola plank road. Such proceedings were thereafter had that the board of public works entered into a contract, approved by the council, for the grading and paving. The paving in question cost $30,312.50, of which $23,049 was assessed against the property described in a special assessment roll. The balance was paid out of that ward highway fund. The sum of $775.89 was assessed against the land of complainant. The paving was begun in the early part of June, 1893, and was completed in October of the same year. The assessment roll was put into the hands of the board of review, and finally passed upon by it on July 31, 1893, and no objections were made thereto by the complainant. To obtain the moneys to carry forward the work, the city issued bonds for that portion of the money which was assessed against the property of abutting landowners, including the complainant's. These bonds were issued in anticipation of the collection of taxes, and were payable in two, three, and five years. There is no fund out of which they can be paid, except that derived from the collection of the assessment. This bill was filed on July 10, 1894, but before it was filed the moneys had been raised by the sale of the bonds, and the contractors paid for the construction of the work. Notice of this special assessment was given on June 20, 1893. The board held a meeting to hear and decide all objections which might be made by persons deeming themselves aggrieved by this local tax. During this time, and while this notice was being published, complainant visited Bay City, and was there three days. It also appears that her general agent and attorney knew in the latter part of May of that year that this pavement was about to be laid on Twelfth street. Mr. Hamilton Wright was called as a witness in behalf of defendants,

and testified that complainant visited him in June, 1893, and that he had a conversation with her in reference to this pavement at that time. His attention was called to a petition or consent of the property owners on Twelfth street to the laying of a street-railway track on that street, dated May 18, 1893, and the signing of the name of complainant to it, by his name as her attorney. By this petition it was shown that the taxpayers would save one foot in width of the cost of the pavement by permitting the street railway to lay its track. Mr. Wright also testified that he knew of this pavement on Twelfth street some time in May, 1893.

It appears that although notice by the board of review was published while the complainant was in Bay City, and although her agent, Mr. Wright, knew in the month of May, 1893, that the pavement was to be laid, yet no action was taken by the complainant until the time of filing this bill, in July, 1894,—more than one year thereafter. It is apparent that the complainant and her agent both knew that the lands were so situated that any assessment, whether on the basis of benefits or frontage on the street, would include such lands, and yet they allowed the contractors to go on with the work, and receive their pay therefor, without objection. The collection of a special assessment for improvements will not be restrained at the suit of one who has stood by and raised no objection to the improvement. *Byram* v. *City of Detroit*, 50 Mich. 56; *Lundbom* v. *City of Manistee*, 93 Mich. 170; *Goodwillie* v. *City of Detroit*, 103 Mich. 283.

The decree of the court below must be affirmed.

The other Justices concurred.