WALKER v. CITY OF ANN ARBOR.

PUBLIC IMPROVEMENTS—BASIS OF ASSESSMENT—LAND VALUES.

Under a statute authorizing a city to levy the cost of an improvement upon adjacent property "by foot frontage, according to benefits, or by land values, as the common council shall determine," an assessment based on the value of each parcel "exclusive of improvements" is void.

Appeal from Washtenaw; Kinne, J.   Submitted June 17, 1898.   Decided September 27, 1898.

Bill by Bryant Walker, administrator *de bonis non* of the estate of Corydon L. Ford, deceased, against the city of Ann Arbor and William Rehfuss, county treasurer, to restrain the collection of a special assessment.   From a decree dismissing the bill, complainant appeals.   Reversed.

*Hinton E. Spalding,* for complainant.

*O. E. Butterfield,* City Attorney, for defendants.

MONTGOMERY, J.   This bill was filed to restrain the collection of a special assessment, upon property of the estate represented by complainant, to meet the cost of a lateral sewer.   The court below dismissed the bill, and complainant appeals.

It is contended by the defendants that the decree should be affirmed without reference to the irregularities in the proceedings, if any, for the reason that there is no showing of fraud, and the complainant waited, before taking any proceedings, until the work of the construction of the sewer was completed.   Defendants cite, to sustain this contention, *Lundbom* v. *City of Manistee,* 93 Mich. 170; *Byram* v. *City of Detroit,* 50 Mich. 56; *Goodwillie* v. *City of Detroit,* 103 Mich. 283; *Fitzhugh* v. *City of Bay City,* 109 Mich. 581; and the curative section of the

general tax law. We regard the rule laid down in the cases cited as salutary and just, and, if the facts in this case admitted of the application of that rule, we should apply it with great satisfaction to ourselves. For although, as will be shown later, we feel constrained to hold that the basis adopted for assessment was erroneous, and therefore jurisdictionally defective, yet we are left in doubt as to whether the complainant's *cestuis que trustent* have really suffered any substantial injury by reason of this departure. We find, however, in this case, an admission of record that the complainant had no knowledge of these proceedings until long after they were taken, and feel that we cannot, in view of this admission, ignore jurisdictional defects without doing violence to established principles.

We need discuss but one defect in the proceedings. Act No. 313, Local Acts 1895, § 2, provides:

"That all lateral and connecting sewers may be constructed at the cost and expense of the lands, tenements, and premises adjacent thereto and benefited thereby, and the cost thereof may be levied on and assessed against such lands, tenements, and premises, and collected from the owners thereof, by foot frontage, according to benefits, or by land values, as the common council shall or may determine by ordinance."

The record shows that the assessment was made on the basis of the value of each parcel, "exclusive of improvements erected thereon." While it was doubtless competent for the legislature to have authorized an assessment on a basis which would exclude the value of improvements (Cooley, Tax'n [2d Ed.], 649), the statute in question does not do so, but authorizes an assessment based upon the value of the land. Land, of course, includes the structures and improvements thereon. 2 Bl. Comm. 18. It follows that the basis adopted was unauthorized, and the assessment was jurisdictionally defective. The assessment must be set aside, but without prejudice to a reassessment, if the city shall be advised that one may be

lawfully made. Complainant will recover costs against the city.

The other Justices concurred.