BRUGGINK *v.* THOMAS.

DRAINS—INSUFFICIENT OUTLET—FLOODING LANDS—INJUNCTION.

While a drain commissioner who constructs a drain with an insufficient outlet may incur a personal liability for the consequent flooding of private land, it is not necessary that one who sees that a proposed outlet across his land is bound to be inadequate should abide his right of action against the commissioner, but he may proceed at once to have the use of such outlet enjoined.

Appeal from Kent; Perkins, J.   Submitted October 2, 1900.   Decided October 31, 1900.

Bill by Henry Bruggink and others against John M. Thomas, drain commissioner of Kent county, and others, to enjoin the construction of a drain.   From a decree dismissing the bill, complainants appeal.   Reversed.

*M. L. Dunham,* for complainants.

*W. D. Fuller* and *Frank A. Rodgers,* for defendants.

HOOKER, J.   The complainants own certain lowlands lying north of the south line of section 28 in the township of Wyoming, Kent county, through which runs a small water-course (dry in summer) from the highway mentioned, through section 28, to Buck creek.   Defendant Thomas, the drain commissioner, laid out a drain extending northerly from a swamp of 30 acres or more, lying upon the south township line, to the middle of the highway mentioned, where it intersects the water-course aforesaid, and the other defendants are persons who have taken contracts to excavate portions of the same.   The complainants claim that the construction of said drain will increase the amount of water in said water-course, by reason of the alleged diverson of water that formerly

reached Buck creek through other outlets. They claim that the increase of water will inundate their lowlands, by reason of the inadequacy of the shallow and tortuous water-course that crosses their lands to carry off the water as fast as it will be delivered by the new drain, and that the water-course will be obstructed by quicksand, which will be brought down the drain, and deposited in the quiet places and eddies of the water-course.

The brief of counsel for defendants concedes that "if the outlet of the drain is insufficient to prevent the water to be carried therein from flooding the low farming land of complainants, and doing irreparable damage to the same," the relief prayed should be granted, but contends that the same is not established by the testimony. We think complainants' contention sustained by a clear preponderance of the testimony. It is not disputed that a free and unobstructed channel is made for the water to the point of entrance upon the complainants' land. If it follows the natural law that "water will seek a level," it must reach that point much more readily than ever before, and its flow will be more rapid to that point. All admit that quicksand has been brought down upon complainants' land heretofore, and we are satisfied that it will be again, if said proposed drain shall be excavated. It seems to us inevitable that this drain will find an inadequate outlet, and that the drain commissioner, and complainants' neighbors who wish to reclaim their waste land, should not be permitted to impose such burden upon them.

It appears to have been urged below that complainants should be left to an action for such damages as shall result against the drain commissioner. The case of *Chapel* v. *Smith*, 80 Mich. 100 (45 N. W. 69), sustains the claim of the complainants that the drain commissioner has no authority to empty water upon the lands of another without providing a proper outlet, and that he is answerable if he does so. We think it does not follow that he cannot be restrained from doing so before he has subjected others to expense and himself incurred a liability.

A decree will be entered in accordance with the prayer of the bill, with the costs of both courts.

The other Justices concurred.