TULLER v. CITY OF DETROIT.

PUBLIC IMPROVEMENTS—ASSESSMENTS—ESTOPPEL.

A landowner who stands by while an adjacent street is being graded and paved, and steps taken to assess his property therefor, without raising any objection to the proceedings, cannot maintain a bill 10 years thereafter to set aside the assessment because of an irregularity consisting of the failure of the assessor to attach to the roll a certificate that the assessment was made in accordance with the city charter.

Appeal from Wayne; Rohnert, J.   Submitted April 19, 1901.   Decided May 7, 1901.

Bill by Elizabeth Tuller against the city of Detroit to set aside a special assessment.   From a decree for complainant, defendant appeals.   Reversed.

*Flowers & Moloney*, for complainant.

*Timothy E. Tarsney*, for defendant.

LONG, J.   The complainant is the owner of certain premises in the city of Detroit.   In the year 1889 proceedings were taken by the city to grade and pave the street adjoining her premises.   No complaint is made of the proceedings or their regularity, except that the board of assessors returned the roll to the common council without attaching thereto or indorsing thereon a certificate showing that the assessment of the property was made in accordance with the provisions of the charter, which, complainant's solicitors allege, should have been done.   The claim is made that the omission of such certificate is fatal to the right of the city to enforce the payment of the tax assessment.   It appears that the tax assessed was not paid, and that the property was sold and bid in by the city in 1890.   This bill is filed to cancel the sale and set aside the tax.   The court below granted the relief prayed, and the city has appealed.

We think it wholly unnecessary to discuss or determine the question whether a formal certificate to the roll was necessary to its validity.   The complainant, now, after the lapse of so many years, and after sitting by and seeing the improvement made, and her property benefited thereby, cannot be permitted to set up such irregularity, if it be an irregularity, to defeat this assessment.   The case falls squarely within the rule laid down in *Lundbom* v. *City of Manistee*, 93 Mich. 170 (53 N. W. 161); *Byram* v. *City of Detroit*, 50 Mich. 56 (12 N. W. 912, 14 N. W. 698); *Goodwillie* v. *City of Detroit*, 103 Mich. 283

(61 N. W. 526); *Fitzhugh* v. *City of Bay City*, 109 Mich. 581 (67 N. W. 904).

The decree of the court below must be reversed, and a decree entered here dismissing complainant's bill, with costs of both courts.

The other Justices concurred.