SHAW v. CITY OF YPSILANTI.

MUNICIPAL CORPORATIONS — SPECIAL ASSESSMENTS — RESTRAINING
ENFORCEMENT—LACHES.

> An abutting owner who has stood by with full notice and seen
> a necessary public improvement affecting his property fully
> completed by a municipality at reasonable cost cannot main-
> tain a bill to restrain the collection of the special tax therefor
> on the ground that the city council, in its proceedings to
> make the improvement, ignored many of the important pro-
> visions of the charter.

Appeal from Washtenaw; Kinne, J.  Submitted No-
vember 14, 1906.  (Docket No. 139.)  Decided December
21, 1906.

Bill by Amon W. Shaw and others against the city
of Ypsilanti to restrain the collection of a paving tax.
From a decree dismissing the bill, complainants appeal.
Affirmed.

*Lee N. Brown*, for complainants.

*Tracy L. Towner* and *John P. Kirk*, for defendant.

MONTGOMERY, J.  The bill in this case was filed to re-
strain the collection of a paving tax.

The circuit judge stated his conclusions as follows:

" The bill of complaint charges, and the proof in the
case fully establishes, the fact that the common council of
said city in its proceedings to make this improvement dis-
regarded and ignored many of the important and essen-
tial provisions of the charter.

" It is difficult to understand why this was done.  There
appears neither any explanation or excuse for such utterly
gross laxity on the part of the members of the common
council.  If they are unwilling or incompetent to reason-
ably and faithfully discharge their public duties, they
should resign and the welfare of the city should be com-

mitted to those who are ready and willing to respect their duties and the law. Such indifference and disregard of the law under which they act is seldom witnessed and rarely surpassed.

" But fortunately or otherwise this improvement has been fully completed, the cost and expense incurred, and the benefit therefrom realized and enjoyed.

" The evidence satisfies me that the improvement was a necessity, that the work was well done, and that the complainants have and are receiving the full benefit of such improvement. I see no reason to criticise the character of the improvement, the manner in which the work was done or the reasonable economy exercised.

" If the complainants had filed this bill when the proceedings were pending and before the cost and expenditures had been incurred and the improvement actually made, it seems to me that they must have succeeded, and the city would have been enjoined from proceeding with this contemplated improvement. I think it is now too late for them to interfere and raise these objections. They have remained silent so far as taking any legal measures or remedies. They are now in the full possession of the benefits of this improvement, and it seems to me that now it would be inequitable for them to be heard and to be relieved from the payment of this assessment."

The conclusion reached by the circuit judge is in full accord with many previous decisions of this court. *Byram* v. *City of Detroit,* 50 Mich. 56; *Lundbom* v. *City of Manistee,* 93 Mich. 170; *Goodwillie* v. *City of Detroit,* 103 Mich. 283; *Atwell* v. *Barnes,* 109 Mich. 10; *Farr* v. *City of Detroit,* 136 Mich. 200. The complainants cite the cases of *Mills* v. *City of Detroit,* 95 Mich. 422, and *Walker* v. *City of Ann Arbor,* 118 Mich. 251. In each of these cases it appeared that complainant had no notice that the improvement was being made until after the same was completed. . In the present case the complainants had full knowledge of the progress of the improvement.

The decree is affirmed, with costs of this court to defendant.

CARPENTER, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.