148    403|
150     34|

CONSTANTINE v. CITY OF ALBION.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—SPECIAL AS-
SESSMENTS—WAIVER OF DEFENSES.
    Equity will not relieve from a special assessment a landowner
    who fails to take proceedings therefor until the improvement
    is completed, a statute legalizing the proceedings has been
    passed, and two of the five installments of the assessment
    have become due and have been paid by all but him.

Appeal from Calhoun; Hopkins, J.  Submitted April
5, 1907.  (Docket No. 23.)  Decided May 18, 1907.

Bill by Sidney M. Constantine against the city of
Albion, Afton A. Dibble, city treasurer, and Erwin A.
Doolittle, county treasurer, to restrain the collection of a
paving tax.  From a decree dismissing the bill, complain-
ant appeals.  Affirmed.

*S. M. Constantine* and *H. O. Bliss*, for complainant.
*Weeks & Cooper*, for defendants.

BLAIR, J.  The bill of complaint in this cause was filed
to restrain the collection of a special paving assessment,
and to remove the cloud upon complainant's title caused
by levying said special assessment upon his land.

Several petitions of owners of property fronting upon
the proposed improvement were presented to the common
council, and the common council, having determined that
a majority in interest of such owners had petitioned
therefor, ordered the improvement.  The proposition to
pave and bond the city to defray the expense was sub-
mitted to the electors and carried.  Complainant appeared
before the council, by his attorney, and protested against
the proposed improvement and filed written objections
thereto.  The contract for the paving was entered into be-

fore funds were provided to defray the expense thereof as required by the city charter. Subsequent to the levying of the special assessment a special act (Act No. 466, Local Acts 1905) was passed by the legislature and approved by the governor on April 12, 1905, to legalize "all the proceedings had in the laying out, establishing, constructing and completion" of said pavement. The assessment was divided into five installments, two of which had become due and payable and paid by all others assessed, and the improvement had been completed, before this bill of complaint was filed. Under such circumstances, this court has uniformly refused to grant relief in equity, and the bill of complaint was properly dismissed. *W. F. Stewart Co.* v. *City of Flint*, 147 Mich. 697.

The decree is affirmed, with costs of this court to defendant.

GRANT, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.