JONES v. GABLE.

1. DRAINS — ASSESSMENT OF BENEFITS — OVERASSESSMENT—WHO
   ENTITLED TO RAISE OBJECTION.
   The objection that certain lands are overassessed for the benefits of a drain can only be raised by the owners of those lands, and not by the owners of other lands assessed for the drain.

2. SAME—ASSESSMENT OF BENEFITS—JURISDICTION.
   The drain commissioner, and not the court, is made the judge of what lands are benefited by a drain, and the proportionate amounts they should be assessed, and though his judgment is open to question, and his mistakes to correction, this must ordinarily be done through the board of review, as pointed out by the statute (Act No. 272, Pub. Acts 1899, chap. 5, § 3).

3. SAME—REVIEW—NEGLECT OF STATUTORY REMEDY.

Where a board of review was appointed in the course of drain-
· age proceedings and a report filed, and it does not appear that
the complainants, or any one of them, appeared before the
board and complained of the apportionment of benefits, or
that a certiorari was taken as provided by the statute, and
no fraud appears, the legality of the drain cannot be ques-
tioned in any action at law or suit in equity.    (Act No. 272,
Pub. Acts 1899, chap. 5, § 3.)

4. SAME—REVIEW—REMEDY IN EQUITY.

Aside from any statutory prohibition, equity will not inter-
fere, in the matter of a special assessment for a drain, at the
instance of one who has neglected to invoke his legal statu-
tory remedies.

5. SAME—RECORD—FILING—TIME.

The record of the proceedings to establish a drain is not re-
quired to be filed with the county clerk before the assessment
of benefits is made by the commissioner.

6. SAME—ASSESSMENT—RIGHT TO QUESTION.

Where a landowner, by his failure to invoke statutory reme-
dies, has lost his right to question the apportionment of bene-
fits for a drain, and the determination of what lands are
benefited, he cannot question an assessment made in conform-
ity to such apportionment upon any ground that was open to
him before.

7. SAME—PUBLIC IMPROVEMENTS — SPECIAL ASSESSMENTS — RIGHT
TO QUESTION—LACHES.

Where a landowner has chosen to defer his attack upon a spe-
cial assessment until he has secured a benefit from the full or
partial completion of the work for which he is assessed, his
laches forbids equitable redress, and this rule does not depend
upon his failure to avail himself of a statutory remedy.

Appeal from Allegan; Padgham, J.   Submitted June
12, 1907.   (Docket No. 19.)   Decided November 5, 1907.

Bill by Aaron Jones and others against Elmer E.
Gable, drain commissioner, and others, to set aside an
assessment for a drain tax.   From a decree dismissing
the bill, complainants appeal.   Affirmed.

*Thompson & Temple*, for complainants.

*O. S. Cross*, Prosecuting Attorney, for defendants.

HOOKER, J. The complainants (appellants) are owners of lands severally assessed for benefits from a drain established in 1904. They have united, not in opposition to the construction of the drain, which their brief states that they desire, but to overturn the apportionment of benefits and tax levy based thereon, filing one bill to remove this cloud from their several premises. The brief admits that the claim is a novel one. The bill prays a decree setting aside the apportionment and assessment, ordering a new assessment by the drain commissioner, to include all property upon this drain and several others to which it furnishes an improved outlet, and lands in another county which it is claimed will be benefited by said improved outlet, and that, after making said new apportionment, he and the drain assessors unite in a new assessment based on said new apportionment, and that the collection of the former assessment be restrained. Oral testimony was introduced tending to show that some lands benefited by the drain were not included in the apportionment and assessment, that some were assessed disproportionately, and that others were doubly assessed.

It is difficult to understand how these complainants can suffer by reason of the double or over assessment of lands belonging to others and we need not consider that question. Furthermore, the commissioner, and not the court, is made the judge of what lands are benefited, and the proportionate amounts that they should be assessed. It is true that his judgment is open to question, and his mistakes to correction, but this must ordinarily be done in the way pointed out by statute, viz., through the board of review. Act No. 272, Pub. Acts 1899, chap. 5, § 3. A board of review was appointed in the course of these proceedings, and a report was filed. It does not appear that the complainants or any one of them appeared before the board and complained of the apportionment, or that a certiorari was taken at any stage of the proceedings as might have been done under said act. Under these circumstances, especially in the absence of fraud, the legal-

·ity of the drain cannot be questioned in any action at law or suit in equity.   Act No. 272, Pub. Acts 1899, chap. 5, § 3.

The record shows that the return of the special commissioner was made on April 26, 1904, that the final order of determination, apportionment of benefits, and notice of drain letting, were had upon July 18, 1904, and the special assessment was dated September 10, 1904, all of the papers being filed with the county clerk on September 27, 1904.   The bill was sworn to on February 23, 1905. Aside from any statutory prohibition, the court of equity will not interfere at the instance of one who has neglected to invoke his legal statutory remedies in matters of taxation.   2 Cooley on Taxation (3d Ed.), p. 1411.   In *Brown* v. *City of Grand Rapids,* 83 Mich. 101, a bill was filed to remove a cloud caused by a sale of land in satisfaction of a special assessment.   The complainant having failed to appear before a statutory reviewing board, relief was denied.   The court cited *Williams* v. *City of Saginaw,* 51 Mich. 120; *Comstock* v. *City of Grand Rapids,* 54 Mich. 641; *Peninsula Iron & Lumber Co.* v. *Township of Crystal Falls,* 60 Mich. 510.   In *Nelson* v. *City of Saginaw,* 106 Mich. 659, we applied the rule to defective sewer proceedings, complainant not having sought relief at the hands of the board of review, provided by the statute.   See, also, *Moore* v. *McIntyre,* 110 Mich. 237; *Auditor General* v. *Melze,* 124 Mich. 285; *Horn* v. *Board of Sup'rs of Livingston Co.,* 135 Mich. 553; *Crandall* v. *McElheny,* 146 Mich. 191.

It is contended that some of the defects in this levy occurred after it was too late for the complainant to invoke statutory relief.   These alleged defects are, that the assessment was made before the record was filed with the county clerk, that it was not signed, that the assessments were unequal, and that the record of the board of supervisors was defective.   To these claims it may be said:

1. The record is not required to be filed before the assessment is made by the commissioner.

2. Having lost his right to question an apportionment of benefits, and the lands included, by his failure to invoke statutory remedies, a landowner cannot question an assessment made in conformity to said apportionment upon any ground that was open to him before.

The other complaints are technical, viz., failure of assessors to sign the assessment, and alleged defects in the journal of the board of supervisors. A complete answer to the claim to relief upon these grounds is found in numerous cases which deny relief where a landowner has chosen to defer his attack until he has secured a benefit from the full or partial completion of the work for which he is assessed. His laches forbids equitable redress, and this rule does not depend upon his failure to avail himself of a statutory remedy. *Byram* v. *City of Detroit*, 50 Mich. 56; *Harwood* v. *Huntoon*, 51 Mich. 639; *Lundbom* v. *City of Manistee*, 93 Mich. 170; *Goodwillie* v. *City of Detroit*, 103 Mich. 285; *Fitzhugh* v. *Bay City*, 109 Mich. 581; *Atwell* v. *Barnes*, 109 Mich. 10; *Moore* v. *McIntyre*, 110 Mich. 237; *Smith* v. *Carlow*, 114 Mich. 67; *Township of Walker* v. *Thomas*, 123 Mich. 290; *Township of Swan Creek* v. *Brown*, 130 Mich. 382; *Constantine* v. *City of Albion*, 148 Mich. 403.

The decree is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.