SMAFIELD *v.* SMITH.

1. DRAINS—ENJOINING CONSTRUCTION—REMEDY.
   Owners of lands not traversed by a proposed drain, and who are therefore not parties to the proceedings, have a remedy in equity by injunction to restrain the construction of the drain where its effect will be to cast upon their land waters for which no outlet has been provided.

2. SAME—FLOODING LANDS—INJUNCTION.
   Owners of lands along a natural watercourse which has been improved at public expense for the purpose of furnishing an outlet for proposed drains, cannot enjoin the construction of such drains where it does not appear that their effect will be to flood complainants' lands beyond the degree contemplated when the stream was improved, or beyond the extent to which they were previously flooded.

Appeal from Sanilac; Beach, J. Submitted May 4, 1908. (Docket No. 49.) Decided June 27, 1908.

Bill by Franklin Smafield and others against John Smith and R. B. Walker, drain commissioners of Sanilac and Lapeer counties, to restrain the construction of a drain. From a decree dismissing the bill, complainants appeal. Affirmed.

*Babcock Brothers*, for complainants.

*C. F. Gates*, for defendants.

HOOKER, J. Black river runs in a southeasterly direction and empties into the St. Clair river. Elk creek flows northeasterly, emptying into Black river. The complainants own lands in severalty, situate along Elk creek, some miles above its mouth, including some bottom or flat lands along the creek. The testimony indicates that Elk creek is the natural outlet for the water of a large area.

Counsel for the complainants allege that in the year

1899 the drain commissioner of Sanilac county instituted proceedings to clean out, deepen, and widen Elk creek for its entire length, and that this was done, and that so much of the creek as was below a point some miles above complainants' lands was made a " ten-foot bottom" after which, for a few years, complainants' lands were not flooded to any extent, but that subsequently other and lateral drains were constructed conducting water to Elk creek, above their premises, when the creek began to overflow its banks, and this tendency has increased from year to year until at the present time great damage is done to their land and crops by freshets.

They claim, further, that the defendants, who are drain commissioners of Sanilac and Lapeer counties, respectively, are now seeking to construct a new drain, to be called the Lapeer and Sanilac drain, the outlet of which is to be in Elk creek above complainants' lands, and that this drain will take water from some 6,000 acres, and will still further swell Elk creek in times of high water, and increase the damage to the complainants' lands. Previous to or during 1888 the Elk, Flynn, and Maple Valley drain was constructed. It entered Elk creek below complainants' premises, some six miles. That drain is yet in existence and use, though it has become somewhat obstructed and has in places been changed in its course by persons through whose lands it passes.

In the main it parallels Elk creek a few miles from it. It is now proposed to intercept this drain by the Lapeer and Sanilac drain and to widen, deepen, clean out, and extend the same, above the point of intersection, which will have the effect of turning some, though not all, of its water into Elk creek above complainants' premises, the remainder passing down through the old drain.

The complainants have filed the bill in this cause, to restrain the construction of this drain, upon the ground that it will subject their lands to an increased and unnatural flow, to their irreparable injury. The cause was heard at circuit upon its merits, where the bill was dismissed and

it is before us upon complainants' appeal. The defendants contest the complainants' claim to relief upon two grounds, viz., *first*, that complainants have mistaken their remedy; *second,* that they have failed to make a case entitling them to relief upon the merits.

In substance, the complainants ask a restraining order to prevent defendants from turning upon their land a quantity of water from a proposed drain whose outlet is Elk creek at a point above complainants' land. The proposed drain not traversing their land, and complainants not being parties to it, the case would seem to be similar to that of *Bruggink* v. *Thomas,* 125 Mich. 9, where it was held that the complainant had a remedy by injunction. See, also, *Smith* v. *Township of Eaton,* 138 Mich. 514; *Township of Merritt* v. *Harp,* 141 Mich. 254. We have no doubt of the jurisdiction of equity in such a case. This leaves the case to be disposed of upon the merits.

The source of Elk creek appears to be on section 11 of Maple Valley township in Sanilac county. The evidence discloses that in 1899, extensive improvements were made in that stream by dredging, so that upon the section upon which it is said to have its origin, a channel 10 feet wide upon the bottom was made. This improvement extended the entire length of the stream which was deepened as well as widened. There is evidence that this improvement was made with a view to its becoming an outlet of water which fell upon the surrounding country which naturally found its way to Elk creek, and that it was contemplated that such water would be discharged through prospective drains. Two or more townships were assessed for benefits, a strip of land 50 or 100 feet wide was condemned or purchased for the purpose, and presumably these complainants were paid for such as was taken from them. Some or all of them took jobs and received their pay for their assistance in making the improvement. They were not assessed for benefits.

While it is true that a drain commissioner must not turn water upon adjacent lands without providing an ade-

quate outlet, such outlet may be provided in advance and commonly must be. We are not satisfied that the proposed improvement will have the effect of flooding complainants' lands beyond the degree which was justly contemplated when the Elk creek drain was made, or beyond the extent to which they were previously flooded, and we are confirmed in this opinion by the action of the learned circuit judge who saw the witnesses and heard their testimony.

The decree is affirmed, with costs.

OSTRANDER, MOORE, CARPENTER, and McALVAY, JJ., concurred.