DURYEA *v.* EDINGER.

1. DRAINS—EQUITY JURISDICTION—PARTIES—INJUNCTION—WATERS AND WATERCOURSES.

As against proceedings for the construction of a drain which would result in casting a large quantity of water on lands of complainant who was not a party thereto, without providing any adequate means of outlet, an injunction was properly granted until sufficient means to carry off the water were provided.

2. SAME— EQUITY— CERTIORARI— ADEQUATE REMEDY AT LAW— STATUTES.

Under 2 Comp. Laws, § 4346, as amended by Act No. 272, Pub. Acts 1899, parties to proceedings by a drain commissioner have an adequate remedy by appeal to the board of review and certiorari to the circuit court, and cannot enjoin the proceedings in equity.[1]

Appeal from Hillsdale; Chester, J. Submitted January 29, 1912. (Docket No. 114.) Decided March 12, 1912.

Bill by Theron Duryea and others against Joseph H. Edinger, drain commissioner, and others, for an injunction against the construction of a drain. From a decree for complainant Louisa Reynolds, but dismissing the bill as to the other complainants, they all appeal. Affirmed.

*F. A. Lyon,* for appellants.

*Paul W. Chase,* Prosecuting Attorney, and *C. A. Shepard* (*B. E. Sheldon,* of counsel), for appellees.

STONE, J. This case was commenced in the circuit court for the county of Hillsdale, in chancery, by com-

[1] Liability of counties for injury to real property from drains, see note in 39 L. R. A. 69.

Duty and liability of municipality as to drainage, see note in 61 L. R. A. 673.

plainants, asking for an injunction to restrain the defendant Edinger, both individually and as drain commissioner, and other defendants as contractors, from constructing a proposed tile drain in accordance with certain plans and specifications adopted by said drain commissioner.

Upon the issue formed by the pleadings, testimony was taken in open court before the circuit judge, and a decree was entered, finding all the material facts alleged in the complainants' bill of complaint true, in so far as they applied to complainant Louisa Reynolds, but finding, as to complainants Theron Duryea and Augusta Murdock, that they had not been established. A decree was therefore entered in favor of the complainant Louisa Reynolds, enjoining the defendants from constructing this drain—

" Until they shall have fully constructed and completed, in good, legal, and substantial manner, a good and sufficient outlet over and across the lands of the said Louisa Reynolds, described in said bill of complaint, sufficient in all respects to conduct the waters from said proposed drain over and across said lands, without the same in anywise spreading or overflowing the said lands, or any part or parcel thereof, and so that the same will in no wise damage the said Louisa Reynolds, and that in determining the sufficiency of said outlet the same shall be reported to this court with good and sufficient proofs of such sufficiency, or by the written acceptance thereof by and from said Louisa Reynolds before said defendant shall be authorized to commence work upon the drain in question in this cause."

This decree also dismissed the bill of complaint as to the complainants Theron Duryea and Augusta Murdock, with costs in favor of the defendants. From this decree, all the complainants have joined in an appeal to this court. The complainants claim:

*First.* That, by the construction of the proposed drain in accordance with the plans and specifications, a large amount of country will be drained over and across the lands of said complainants Theron Duryea and Augusta Murdock and others, and emptied upon the lands of complainant Louisa Reynolds, which never should have gone

in that direction, and which by nature do not belong there, and that, too, without providing any outlet or means of escape for these waters, leaving them to spread over and upon the lands of Mrs. Reynolds, to her irreparable damage.

*Second.* That by the construction of the proposed drain in accordance with the plans and specifications, placing a continuous tile from a certain water hole on the premises of one Jacob Woods at the extreme north end of said drain, through, over, and across these lands, and covering it up to the depth which is proposed with clay and hardpan, will form a compact and effectual dam or barrier to the waters flowing from the surrounding country in and upon the lands of complainants Theron Duryea, Augusta Murdock, and others, and thus and thereby prevent such waters from flowing off through this drain as they had been in the habit of doing for many years.

*Third.* That in order to properly construct such tile drain so as not to dam the waters and hold them upon the lands of complainants Duryea and Murdock, it would be necessary to put in a larger tile through a certain high embankment on the southerly part of the farm of complainant Duryea, and, across the lowland, to put in silt basins or openings to conduct these waters directly into this tile, and that without such silt basins or openings these waters would of necessity be held upon these lowlands for a long space of time, and only be conducted away by seeping through this hard plastic clay or soil, or evaporating by the sun's rays, which in either case would take a long space of time and greatly injure complainants' land.

*Fourth.* That the inevitable result of the construction of this drain in accordance with the plans and specifications would be to flood the lands of ($a$) complainant Louisa Reynolds and ($b$) to hold the waters and set them back upon the lands of the other complainants, and thereby flood these lands; in either case, taking private property for public purposes without due process of law, and without just compensation.

This record fails to set forth fully the proceedings that led up to the institution of this suit. It does appear, however, that certain proceedings were had in the probate court. The complainants offered in evidence certain files

produced, being the oath of the special commissioners, notice by drain commissioner to special commissioners, the order of the probate court establishing, etc., the order of the probate court appointing the time and place for meeting of special commissioners, the order of the probate court appointing day for hearing upon application for appointment of special commissioners, citation of the probate court to be served upon resident owners of land, affidavit of posting notices, proof of notice of letting drain contract, proof of service of notice of drain contract upon Augusta Murdock and Theron Duryea and others.

There was also offered in evidence the apportionment of benefits by the drain commissioner, the petition in the matter of establishing and locating this drain, the special drain assessment roll, marked "Filed the 3rd day of March, 1910;" also the final order of determination and certain releases of right of way, not including any of the complainants.

The proceedings in this drain matter seem to have progressed to the letting of the contracts for the constructing of the drain. No part of the drain has been constructed. No notices were served upon the complainant Mrs. Reynolds.

So far as this record shows, the proceedings leading up to the establishment of this drain are complete and regular in every particular, and complainants, with the exception of Louisa Reynolds, had full and legal notice thereof at every step. It is very evident that the defendants should not be permitted to construct this new drain in accordance with the plans and specifications, thereby casting upon the lands of Mrs. Reynolds a largely increased flow of water, without providing her an adequate outlet and means of escape of such water, without damage to her farm. The circuit court seems to have reached this conclusion, and has so decreed, as we have above shown; and none of the defendants having appealed, that decree stands in full force as to her. She was not a party to this drain proceeding, nor did the drain traverse her land, but

left the waters where it would overflow it; and it is very clear that the decree of the circuit court as to her was in accordance with the holdings of this court. *Bruggink* v. *Thomas*, 125 Mich. 9 (83 N. W. 1019); *Smafield* v. *Smith*, 153 Mich. 270 (116 N. W. 990); *Harris* v. *Boutwell*, 156 Mich. 455 (122 N. W. 179). She, having been fully protected by the decree of the circuit court, has no equitable standing in this court as an appellant.

As to the other complainants, the circuit judge seems to have listened to the testimony, and upon the merits of the case dismissed the bill as to them. In our opinion, the trial court might well have dismissed the case upon the ground that the questions involved had been fully passed upon by the statutory tribunal—the special commissioners. See Act No. 272, Pub. Acts 1899, §§ 3 and 5, providing for an appeal and board of review, and containing the language:

"The action and decision of said board shall be final."

And see, also, the provision for review by certiorari. It must be held that the other complainants, not having invoked the statute, are in no condition to complain in this court. They were parties to the drain proceeding; and, the proposed drain crossing their lands, they should have availed themselves of the statutory remedy, and we think the trial court properly dismissed the bill as to them, with costs to the defendants.

The statute already referred to provides that:

"If no certiorari be brought within the time herein prescribed, the drain shall be deemed to be legally established, and its legality shall not thereafter be questioned in any suit at law or equity." Act No. 272, Pub. Acts 1899, amending 2 Comp. Laws, § 4346, etc.

See the following decisions of this court, bearing upon this subject: *Moore* v. *McIntyre*, 110 Mich. 237 (68 N. W. 130); *Smith* v. *Carlow*, 114 Mich. 67 (72 N. W. 22); *Township of Swan Creek* v. *Brown*, 130 Mich. 382 (90 N. W. 38); *Wilson* v. *Woolman*, 133 Mich. 350 (94 N.

W. 1076); *Strack* v. *Miller*, 134 Mich. 311 (96 N. W. 452); *Horn* v. *Livingston County Supervisors*, 135 Mich. 553 (98 N. W. 256); *Crandall* v. *McElheny*, 146 Mich. 191 (109 N. W. 261); *Township of Clinton* v. *Teachout*, 150 Mich. 124 (111 N. W. 1052); *Jones* v. *Gable*, 150 Mich. 30 (113 N. W. 577); *Grandchamp* v. *McCormick*, 150 Mich. 232 (114 N. W. 80).

The decree of the circuit court is, in all things, affirmed, and the defendants will recover their costs in this court against all of the complainants.

MOORE, C. J., and STEERE, McALVAY, BROOKE, BLAIR, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.