McDERMOTT v. BOARD OF COUNTY ROAD COMMISSIONERS
OF KENT CO.

HIGHWAYS AND STREETS—INJUNCTION—CERTIORARI—STATUTES.

Under 1 Comp. Laws 1915, § 4736, providing that highway proceedings are subject to review by certiorari, and for a speedy bringing of the writ and that the "circuit court shall hear and determine the same without delay, and if any material defect be found * * * such proceedings shall be set aside in so far as erroneous" and "the entire proceedings shall not be set aside except where the county road commissioners are found to have no jurisdiction to act upon the petition presented" and if "no certiorari be brought within the time herein described the improvement shall be deemed to have been legally ordered and established, and its legality shall not thereafter be questioned in any suit at law, or in equity," if taxpayers fail to use the writ of certiorari to review proceedings because of defective advertising for bids within the prescribed time, such proceedings cannot be questioned afterwards in any suit at law or in equity.

Appeal from Kent; Perkins, J. Submitted October 15, 1917. (Docket No. 132.) Decided December 28, 1917.

Bill by Thomas P. McDermott and others against the board of county road commissioners of Kent county and others to restrain the letting of a road contract. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Martin H. Carmody* (*Francis A. Stace*, of counsel), for plaintiffs.

*Cornelius Hoffius* and *Fred P. Geib*, for defendants.

MOORE, J. The bill of complaint is filed by certain taxpayers in their own and others' behalf against the board of county road commissioners for a permanent

injunction restraining the board from letting a contract for the construction of a concrete road on the ground that in advertising for sealed proposals for such improvement the board called for bids for a concrete roadbed only. The plaintiffs contend that this advertisement is inadequate under the provisions of the general highway law as amended by Act No. 356 of the Public Acts of 1917, chap. 4, § 19, which reads:

"When roads of classes 'E,' 'F,' or 'G,' are to be. constructed or improved, bids shall be advertised for and received on each of said types of construction."

It is conceded that concrete construction called for by the proposal comes within class "F" above specified, and that classes "E" and "G" call for asphalt and brick construction, respectively. The defendants insist that the advertisement is sufficient under the provisions of Act No. 125 of the Public Acts of 1917, being an amendment to the act commonly known as the Covert act, section 14 of which reads:

"The county road commissioners or the State highway commissioner shall give notice of the letting of such contract or contracts by publishing notice thereof in some newspaper published and of general circulation in the county, at least once in each week for two weeks, and may publish notice thereof, in other newspapers, if they shall deem the same advisable. They may reserve the right to reject any and all bids."

The defendants claim this proceeding comes exclusively within the provisions of the Covert act, and that the advertisement need not call for bids upon the two other classes of construction. To this contention the plaintiffs reply that the Covert act is but a part of the general highway law, and that the two statutes, being *in pari materia*, should be construed together.

The circuit judge was of the opinion that the Covert act is complete in itself and unequivocal in its terms, offering, as stated in section 1 of that act, an additional method for constructing and improving the pub-

lic highways whenever a portion of the cost is to be paid for by special assessments upon the lands to be benefited. A decree was entered dismissing the bill of complaint. The case is brought here by appeal.

The defendants at the outset claimed:

(1) That the chancery court has no jurisdiction in the matter whatever. That it has no authority to issue an injunction, and had no authority to issue a restraining order, because: *First,* there is no showing in the bill of complaint anywhere of any irreparable injury to plaintiffs or of any injury whatever such as to call for the extraordinary remedy of injunction against public officials proceeding regularly under a valid statute; *second,* because the county of Kent is a necessary party to said proceedings and was not such a party when the restraining order was procured (plaintiffs have attempted to make the county a party by amendment since the oral argument) ; *third,* plaintiffs have a full, adequate, and complete remedy at law provided in the act itself, and which remedy in the absence of fraud is intended to be exclusive; *fourth,* the immediate effect provision of the amendment in question is unconstitutional.

(2) Plaintiffs are not entitled to an injunction because the said amendment of the general highway law, above set forth, even if the same became effective, does not either in express terms or by implication amend the Covert law.

We think the determination of one of these claims will make a consideration of the others unnecessary. Section 4736, 1 Comp. Laws 1915, states that the proceedings are subject to review by certiorari, and provides for a speedy bringing of the writ:

"And the circuit court shall hear and determine the same without delay; and if any material defect be found * * * such proceedings shall be set aside in so far as erroneous. * * * The entire proceedings shall not be set aside except where the county road commissioners are found to have no jurisdiction to act upon the petition presented. * * * If no certiorari be brought within the time herein described,

the improvement shall be deemed to have been legally ordered and established, and its legality shall not thereafter be questioned in any suit at law, or in equity."

Similar provisions in the drain law have been construed by this court. See section 4908, 1 Comp. Laws 1915. And it has been repeatedly held under the drain law that the remedy by certiorari is exclusive, and that an injunction will not issue to restrain proceedings under the drain law, except in cases of fraud. No fraud is claimed in the case at bar. *Strack* v. *Miller*, 134 Mich. 311 (96 N. W. 452); *Crandall* v. *McElheny*, 146 Mich. 191 (109 N. W. 261); *Auditor General* v. *Bolt*, 147 Mich. 283 (111 N. W. 74); *Duryea* v. *Edinger*, 169 Mich. 218 (134 N. W. 978). This court said in *Strack* v. *Miller, supra:*

"Section 4346 [1 Comp. Laws (1 Comp. Laws 1915, § 4908)] provides for a review of the proceedings upon certiorari. The purpose of the statute undoubtedly is to give an opportunity to have a speedy hearing upon any question of jurisdiction or any question of irregularity. * * * This could have been accomplished without so much delay and expense as is involved in a chancery proceeding. * * * No such case was stated in the bill of complaint or shown by the proofs as to call for the interposition of a court of equity."

In *Auditor General* v. *Bolt, supra*, the court said of the same provision:

"There was no constitutional objection to this statute. It provides an adequate remedy for any person aggrieved by the proceedings to establish a drain, and protect the public and its officers against the expense and delay which might ensue if the proceedings could be otherwise attacked. The statute points out the mode of review, and unless the method is pursued the legality of the drain cannot 'thereafter be questioned in any suit at law or in equity.' * * * Doubtless if the records disclosed that a person without color of authority had conducted the proceedings to lay out a drain, such proceedings would be a mere nullity and

might be attacked collaterally, but no such case is presented by this record."

It is not claimed in the instant case that there was any irregularity in the proceedings until the advertising occurred. If plaintiffs were of the opinion that a fatal omission was then made they should have commenced certiorari and the controversy could have been quickly ended. We all know the value of time in road building. The season in which work can economically be carried on is very short. The legislature doubtless had this fact in mind when it provided a speedy remedy for any irregularities. The plaintiffs should have pursued that remedy. Not having done so, the proceeding must be regarded as regular, "and its legality shall not thereafter be questioned in any suit at law or in equity."

The decree is affirmed, with costs to the defendants.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.